JONAS JOHNSON *against* JEDEDIAH CLARK.

IN the trial of this cause, issue to the Jury. Plaintiff offered the deposition of *James Robinson*, since deceased.

*Cephas Smith*, Junior, objected to the reading of it in evidence.

A deposition illegally taken cannot be read after the deponent's decease, upon the principle that it is the best evidence which can now be produced.

It was conceded by the plaintiff's counsel, that if the deponent was alive the deposition could not be read, as it was drawn up in the hand-writing of the plaintiff's attorney, and taken by a Justice of the Peace interested in the cause. But,

*Samuel Walker* insisted, that a voluntary affidavit or deposition extrajudicially taken, might be read on the decease of the deponent; and cited 1 Ld. *Raym.* p. 744. *Tilly* v. *C—*, Vol. 2. ib. *Price* v. *Earl of Torrington*, p. 873. Ib. 1166. 1 *Strange*, p. 35. *Styl.* p. 446. *Sacheverel* v. *Sacheverel.* 2 *Strange*, p. 1129. margin, *Warren, ex dem. Webb*, v. *Grenville*. And as *advisory*, *Root's Reports*, p. 81. *Roy* v. *Brush*.

*Sed per Curiam.* The deposition cannot be read. The objections are, that it is in the hand-writing of the party's attorney,. and taken by a Justice of the Peace, interested in the cause. The authorities cited embrace cases where depositions were taken legally, though not in the causes pending. By the decease of the deponents they obtained efficacy under the ge-

Johnson
v.
Clark.

neral principle of constituting the best evidence which could be produced. But here the deposition is illegally taken. The decease of the deponent cannot render that valid which was intrinsically void. It would be setting aside the Chancery process of taking depositions *in perpetuam rei memoriam*, to sanction the admission of depositions taken otherwise than agreeably to the statute.

*Daniel Chipman* and *Samuel Walker*, for the plaintiff.

*John Cook, Cephas Smith*, and —— ——, for the defendant.