Mr. Justice S WA.YNE
 

 delivered the opinion of the court.
 

 The .first assignment of error relates to the admission in evidence of a copy- of the deposition of Vine De Pue. The bill of exceptions, sets forth that the original' deposition was regularly taken, sealed up, and transmitted to the clerk of the court where the cause was pending, and by him properly opened and filed; and that thereafter it was lost and could not be found; and that the copy offered was a true copy, taken under the direction of the clerk, and by him compared and certified. The exception is as follows: “ The defendant objected to the. copy on the ground that it was not the original. The court overruled the exception and admitted the deposition, to which decision the defendant excepted.”
 

 It is a rule of law that where a party excepts to tl^e admission of testimony he is bound to state his objection specifically, and in a proceeding for eri’or he is confined to the objection str taken.. If he assign no ground of exception, the mere objection cannot avail him.
 
 *
 
 In
 
 Hinde’s Lessee
 
 v.
 
 Longworth
 
 this court said: “ As. a. general .rule, we think the party' ought to be confined; in examining the admissibility of evidence, to the specific objection taken to it. The attention of the court.is called to the testimony in that point of• view only.” Here the objection was that the copy was not the oi’iginal. This, as a fact, was self-evident; but as a ground of'objection it was wholly indefinite. It does not appear to have been suggested that the place of the lost deposition could only be supplied by another one of the same witness retaken, and that secondary evidence was inadmissible to prove the. contents of the formei’. If the contents
 
 *134
 
 of the one lost- could be proved at all by such evidence, that offered was certainly admissible for that purpose. But the objection was presented in the argument before us in the latter shape, and we shall consider it accordingly.
 

 It is an axiom in the law of evidence that the contents of any written instrument lost or destroyed may be proved by competent evidence. Judicial records and' all other documents of a kindred character are within the rule.
 
 *
 
 But it- is said a different rule as to depositions—unless the witness be dead—obtains in Vermont, and the cases of
 
 Follett
 
 v.
 
 Murray
 

 †
 
 and
 
 Low
 
 v.
 
 Peters
 

 ‡
 

 are referred to as supporting the exception.
 

 Those cases are unlike the one before us. In
 
 Follett
 
 v.
 
 Murray
 
 the witness resided within the State, and there being no copy of the caption it did not appear that the deposition had been regularly taken. In the other case the witness was dead, and no question was raised as to any defect in the lost original. The copy was, therefore, admitted as of course. If a deposition be not properly taken it is not made admissible by the death of the witness.
 
 §
 
 In
 
 Harper
 
 v. Cook,
 
 ||
 
 it was held that the.contents of a lost affidavit might be shown by secondary evidence. The necessity .of retaking it was not suggested. In the.present case the witness lived in another State and more than one hundred miles from the place of trial. The process of the court could not reach him; for all jurisdictional purposes.he was as if he were dead. It is well settled that if books or papers necessary as evidence in a court iri one State be in the possession of a person living in another State, secondary evidence, without further showing, may be given to prove the contents of such papers, and notice to producé-them is unnecessary.
 
 ¶
 
 Here'
 
 *135
 
 there was nothing to prevent the operation of the general rule.as to proof touching writings lost or destroyed. The deposition was one of the files ii'i the case. The plaintiff was entitled to the benefit of the contents of that document. Having been lost without his fault, he was not bound to supply its place by another and a different deposition, which might, or might not, be the same in effect with the prior one.
 

 There was no error in admitting in evidence the copy to which this exception relates.
 

 The next assignment of error is the admission in evidence “of such parts of'the depositions of A. L. Turner and C. P. Steers as refer to what appeared or did not appear on the books of the Tioga County Bank.” It was shown by the plaintiff in this connection that the books in question were in the village of Tioga, Pennsylvania, that the plaintiff had endeavored to obtain them for use on this trial, and that those having the custody of them refused to permit them to go. The testimony of Turner was, in substance, that he was the cashier, that he had examined the books and papers'-’in the bank relating to its affairs from its organization down to July, 1859, and that he found no evidence of any kind that the defendant ever had any connection or transaction with the bank, or any interest in it whatever; and that subsequently, at the request of the plaintiff aud for the purposes of this suit, he repeated the examination with the same result. Steers testified that he was cashier of the bank from about the 15th of September, 1858, to about the 29th of April, 1859, and that during that time the defendant, Burton, did not furnish to the bank $7060.18, or any other sum of money, that his name was never on the books of the bank, nor did the bank owe him anything on any account during that period, and that the witness did not think his name appeared on the books of the bank as a stockholder during that time. The books being out of the State and beyond the jurisdiction of the court, secondary evidence to prove their contents was admissible.
 

 
 *136
 
 When it is necessary to prove the results of voluminous facts or of the examination of many books and papers, and. the examination cannot be conveniently made in court, the results may be proved by the person who" made the examination.
 
 *
 
 Here the object was to prove, not that the books, did, but that they did not show certain things. The results' sought to be established were not affirmative, but negative. If such testimony be competent as to the former,
 
 a mullo fortiori
 
 must it be so to prove the latter.
 

 The last assignment relates to the charge of the court.
 

 The examination of this subject renders it necessary to refer briefly to the cause of action. The defendant, Burton, and three others, executed an instrument, under seal, bearing date October 20th, 1858, whereby it was recited' and agreed as follows: That the.parties had severally furnished to the Tioga Bank, to enable it to redeem its bills promptly, certain sums of money, to wit, O. A. Burton, $7060.18, &c.; that the bank was toi refund said, moneys as soon as it was in a condition to do so, and that it would lend to said parties, not exceeding $.10,000 at any one time, on paper payable in New York, with interest at the rate of five per cent, per annum; that the Tioga Bank had'advanced, to be paid in on the stock of the Pittston Bank of Pennsylvania, $9870.00, .which Wouey belonged to the four parties to the instrument, and it was agreed that each of the parties owned one-fourth part,.tkereof, less cost and expenses. To this paper" w^is annexed a further instrument, under seal, dated April 29th, 1859, whereby the defendant assigned to the plaintiff, for the consideration of $7060.18, his interest in that aihouut páid by him to the Tioga Bank, according to the instrument-first mentioned, with all the privileges relating thereto which the assignor would have had if the assignment had not been made. • The declaration contained several counts, setting out- the instrument as inducement and averring the utter falsity óf its recitals. The common money counts were
 
 *137
 
 added. The defendant admitted the-receipt of the $7060.18, stated in .the assignment, as the consideration for making it, but gave no evidence tending to prove that the recitals in the instrument to which the assignment related were true. Both parties submitted prayers for instructions. Both sets were refused. Those of the defendant sought tó defeat the action because it had not been brought upon the written instrument and the assignment. The court instructed the jury in effect, with full and proper explanations, that if the transaction on the part of the defendant had been a fraud, and there had been an entire failure of consideration, the plaintiff was entitled to recover.
 

 . The defendant excepted to these instructions, and to the refusal .to give those which he had asked to be given. • The former were correct in point of law.
 
 *
 
 The instructions given covered the whole case. It was not, therefore, the duty of the learned judge to give others suggested by either party. If .wrong, they were inadmissible, and if otherwise, unnecessary.
 
 †
 
 We are satisfied with the charge as it appears in the record.
 

 Judgment affirmed.
 

 *
 

 Camden
 
 v.
 
 Doremus, 3 Howard, 515; Hinde’s Lessee v. Longworth, 11 Wheaton, 199.
 

 *
 

 Renner
 
 v.
 
 The Bank of Columbia, 9 Wheaton, 581; Biggs
 
 v.
 
 Tayloe, Ib. 483; 1 Greenleaf’s Evidence, g 509.
 

 †
 

 17 Vermont, 530.
 

 ‡
 

 36 Id. 177.
 

 §
 

 Johnson v. Clark, 1 Tyler, 449.
 

 ||
 

 1 Carrington & Payne, 139.
 

 ¶
 

 Shepard
 
 v.
 
 Giddings, 22 Connecticut, 282; Brown
 
 v.
 
 Wood, 4 Bennet (19 Missouri), 475; Teall
 
 v.
 
 Van Wyck, 10 Barbour, 376; see also Boone v. Dykes, 3 Monroe, 532; Eaton
 
 v.
 
 Campbell, 7 Pickering, 10; Bailey
 
 v.
 
 Johnson, 9 Cowen, 115; Mauri
 
 v.
 
 Heffernan, 13 Johnson, 58.
 

 *
 

 1 Greenleaf’s Evidence, g 93.
 

 *
 

 Weaver v. Bentley, 1 Caines, 47; Gillet v. Maynard, 5 Johnson, 85; D’Utricht
 
 v.
 
 Melchor, 1 Dallas, 428; Wilson
 
 v.
 
 Jordan, 3 Stewart & Porter, 92; Eames
 
 v.
 
 Savage, 14 Massachusetts, 425; Lyon
 
 v.
 
 Annable, 4 Connecticut, 350; Pipkin v. James, 1 Humphrey, 325; 1 Swift’s Digest, 400.
 

 †
 

 Laber v. Cooper, 7 Wallace, 565.