FALERO ET AL. *v.* FALERO.

APPEAL from the District Court of Humacao.

No. 292.—Decided February 19, 1909.

JUDGMENT—ABSENCE OF UNANIMOUS AGREEMENT OF MAJORITY OF VOTES—JUDGMENT OF THE COURT BELOW TO BE FINAL IN CASE OF A TIE.—Where the justices of the Supreme Court fail to come to an agreement unanimously or by a majority vote, for the decision of an appeal, and a tie results by reason of the absence of one of the justices, the judgment appealed from becomes final.

ERRORS IN THE ADMISSION OF EVIDENCE—LEADING QUESTIONS.—The decision of a court allowing leading questions to be put to a witness will not be reversed unless it be shown that there was an abuse of discretion.

EVIDENCE—SIGNATURE OF A PERSON.—The question put to a witness as to whether he saw a person sign his name, is one the admission whereof depends upon the discretion of the court.

HEARSAY EVIDENCE—TESTIMONY OF A WITNESS REFERRING TO ADMISSIONS MADE BY THE PREDECESSOR IN INTEREST.—The testimony of a witness relative to admissions made by the predecessor in interest of the plaintiff, is not hearsay evidence, for it is the same as if he were one of the parties to the action.

EVIDENCE—ABSENCE OF OBJECTION TO THE PRODUCTION OF EVIDENCE.—The court may consider every probatory element submitted without objection from the adverse party.

ID.—OBJECTION WITHOUT LEGAL GROUND.—When the objection is based on a legally insufficient ground, there being other grounds which would suffice for its admission, the effect is the same as if no objection had been made.

ID.—EXCEPTION TO THE PRESENTATION OF EVIDENCE—SPECIFICATION OF GROUNDS.— For a court to consider an exception to the admission or exclusion of evidence it is necessary that the grounds of the exception be specified to the court, and upon a failure to do so the exception will not be considered.

ID.—PROOF OF GUARDIANSHIP.—The adverse party not having objected to the presentation of oral evidence to establish the guardianship, the trial court may consider said evidence and esteem it sufficient.

ID.—PROOF OF CONVEYANCE OF TITLE OF OWNERSHIP—EFFECT OF A TRANSFER WITHOUT THE EXECUTION OF A DEED BY THE CONTRACTING PARTIES.—The adverse party not having objected to the production of oral evidence to prove the transfer of a rural estate, the trial court may consider such evidence and esteem it sufficient. Moreover, between the contracting parties a sale produces its effects, in whatever manner it may be made, without the necessity of a written document.

ID.—POSSESSION—PRESUMPTION.—Possession carries with it the presumption that the transfer to the possessor was effected in the proper manner.

The facts are stated in the opinion.

*Mr. Benítez Castaño* for appellants.

The adverse party did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of Humacao. The complainants there as universal heirs of their father, Tomás Falero, who died on 19th of August, 1898, claimed the return of a piece of land described in the complaint and the sum of $11,000 as rents and damages, and prayed at the same time that an inscription of possession made in favor of the defendant be declared null and void. The complainants set up that their father at the time of his death was the absolute owner of the land in suit; that they were declared the universal heirs of Falero by the judgment of the District Court of Humacao on the 26th of December, 1901; that Avelino Falero, the respondent, possessed the said land and that he on the 23d day of January, 1904, by fraudulent combinations and availing himself of repeated acts of deceit, fraud and surprise, succeeding in registering a possessory title of the land in the

registry office of Caguas, after which he began an action of unlawful detainer against one of the complainants by virtue of which they were compelled to vacate the property.

The respondent answered setting up that the father of the complainants had given the property in question to his niece, Isabel Amelia Falero, to indemnify her for her share of her inheritance from her deceased father Esteban Falero and María Concepción Rivera, which property he had administered as tutor and had used for his own benefit; that the possession of the respondent was founded on a just title and was in good faith as he had bought the property from José Casildo Reyes who had previously acquired it by purchase of Isabel Falero; that was the former owner of the property, Isabel Falero, who made the writing of possession (*expediente de posesión*) in order to register it and that the complaint in unlawful detainer was filed alone against Rafael Falero, one of the complainants, he being a tenant at will.

At the trial here not the slightest effort was made to support the fifth paragraph of the complaint which charged fraud and combination against the defendant in the obtaining of his possessory title.

It is within the power of the heirs of any one who once held the title to make out a *prima facie* case. This the complainants did. The errors that the appellants assign in their brief are against the admission of certain evidence by the court, and more particularly in that the court accepted, as a proved link in the chain of title of the defendant, the fact that Tomás Falero was the tutor of his niece, Isabel Amelia Falero, when the best evidence would have been the document so naming him and in what connection; also that the court committed an error in giving more weight to the possessory title of the defendant than to the dominion title of the complainants.

We shall take the last objection first. This is not a case of a possessory title against a dominion title. The respondent admits the dominion title of the ancestors of the complainant but derives his own title by the purchase for a valuable con-

sideration on the part of his predecessor, Isabel Falero, from the ancestors of the complainants. The respondent's ultimate source of title is likewise the dominion title of Tomás Falero. The briefs of the appellants, but not in response to any claim of the respondent, denies the acquisition of the defendant by prescription. Indeed, however, by virtue of the provisions of section 1858 of the Civil Code there might have been such claim, as from the proof the defendant or his predecessors have been possessing and using the land under claim of a good title since the year 1890 or before. A 10 years' possession with a color of title is sufficient to establish a title by prescription.

But this is only one of several considerations that would operate in favor of supporting the judgment of the court below. Aside from any question of prescription, the appellants have failed to justify their contention that respondent did not lawfully obtain title to the land in question. The respondent showed by a mass of verbal testimony that the property in suit was given by the ancestor of the appellants to Isabel Falero because of his having appropriated property belonging to her. Appellants rely on the fact that there was no legal proof that Tomás Falero was the tutor of Isabel as maintained by him. There was, however, the testimony of Antonio Serrano and others to the effect that Tomás Falero was the tutor of Isabel. While Serrano was testifying to this fact objection was made, not for the reason suggested, but solely on the ground that the questions directed to the witness to bring out this fact were leading. That they were leading there can be no doubt, but the action of the court in this respect will not be reversed unless some distinct abuse of discretion could be shown. (Sec. 153 of the Law of Evidence, Laws of 1905, p. 100.) The subsequent testimony of the witness without any leading on the part of counsel tended to show that he had detailed knowledge of the relations between Tomás and Isabel Falero and the questions permitted by the court saved unnecessary groping by counsel. A perusal of the testimony shows

that witness was not brought to a consciousness of the principal testimony by reason of such questions.

There was a similar objection because the witness Eladio Martínez was asked whether he had seen Tomás Falero sign. But that sort of question was plainly in the discretion of the court even supposing it was not the usual and ordinary one of qualifying the witness as to the handwriting of another person.

There were exceptions, too, on the ground that witnesses who told of conversations with Falero were giving hearsay testimony. The admissions of the alleged predecessor in title of all the parties to the action could not be classed as hearsay. He is the same as a party to the action. There were other minor objections to testimony which were excepted to but they all fall under the classes we have discussed.

There was also a line of exceptions to the admission of evidence which tended to identify the property, the object of the suit. The possession of the respondent was essential to complainants' recovery. Appellants in their brief set up that the property was perfectly identified. An error therefore, if any, with respect to identification, was immaterial and harmless. Hence the appellate court will not reverse. (*Cunningham* v. *Springer*, 204 U. S., 647, 3 Cyc., 387.) Moreover this testimony related generally to 100 acres in Ceiba Sur and the objection therefore to it only went to its weight and not to its materiality or relevancy.

But appellants now object principally with respect to evidence of Serrano that the best evidence of the tutorship would have been the judicial statement to that effect. It is a principle of law that any probatory testimony may be considered by the court if no objection is made to its admission. What is not objected to is generally waived. (*Burton* v. *Driggs*, 20 Wall., 133; *District of Columbia* v. *Woodbury*, 136 U. S., 450, 462; *Patrick* v. *Graham*, 132 U. S., 627; *Coinden* v. *Doremus*, 3 How., 515.) This is an application of the maxim *"Consensus tollit errorem."*

Now if an objection is made on another ground which is unavailing, the condition of things is the same as it would be if no objection were made. But the authorities are numerous and one-sided to the effect that an exception to admission or exclusion of evidence to avail an appellant must indicate to the court what the ground of the objection was or else it will not be considered. (*Burton* v. *Driggs,* 20 Wall. (U. S.), 133; *Noonan* v. *Caledonian Mining Co.,* 121 U. S., 400.)

In the latter case the Supreme Court says:

"The objection to the instroduction of the articles of incorporation at the trial was that they were 'immaterial, irrelevant, and incompetent evidence.' The specific objection now urged that they were not sufficiently authenticated to be admitted in evidence, and that the certificates were made by deputy officers, is one which the general objection does not include. Had it been taken at the trial and deemed tenable, it might have been obviated by other proof of the corporate existence of the plaintiff or by new certificates to the articles of incorporation. The rule is universal, that where an objection is so general as not to indicate the specific grounds upon which it is made, it is unavailing on appeal unless it be of such a character that it could not have been obviated at the trial. The authorities on this point are all one way. Objections to the admission of evidence must be of such a specific character as to indicate distinctly the grounds upon which the party relies, so as to give the other side full opportunity to obviate them at the time, if under any circumstances that can be done." (*United States* v. *McMasters,* 4 Wall., 680; *Burton* v. *Driggs,* 20 Wall., 125; *Wood* v. *Weimar,* 104 U. S., 786, 795.)

Mr. Justice Swayne, in *Burton* v. *Driggs,* says as follows:

"It is a ruling of law that where a party excepts to the admission of the testimony he is bound to state his objection specifically, and in a proceeding for error he is confined to the objection so taken."

The principle has been also considered in California, where Mr. Justice Field says, in *Kiler* v. *Kimbal,* 10 Cal., 268:

"To entitle an objection to notice it must not only be on a material matter, affecting the rights of the parties, but its point must be particularly stated."

And also in the case of *Martin* v. *Travers,* 12 Cal., 245, the same judge remarks:

"Where a party objects to the admission of evidence on trial, he must state the point of his objection at the time. General objections will not do. The party should lay his finger on the point at the time of the trial; otherwise this court cannot review it."

There are other cases from California which apply, namely: *Goodale* v. *West,* 5 Cal., 339; *Wright* v. *Roseberry,* 81 Cal., 91; *Brumley* v. *Flint,* 87 Cal., 474; *Braly* v. *Reese,* 51 Cal., 447. In the last-named case it was held that although the best evidence of the appointment of a tutor had not been given, yet, as no objection had been made on that ground in the court below, the evidence was sufficient.

One of the reasons for the ruling is stated in *MacElroy* v. *Williams,* 14 Wash., 627, where the court says:

"Had specific attention been called to the objection given that is now urged an opportunity would have been given at the time to supply the proof, and we have repeatedly held that such questions urged upon appeal must be based upon timely and specific objections."

In *Hollister* v. *Brown et al.,* 19, 165, Justice Christianicy says:

"Had the defendant below objected to the writing and the evidence of Brown in connection therewith  *  *  *  on the general ground that the paper was not signed by the defendant and did not purport to speak for him  *  *  *  a very different question would have been presented from that arising upon this record. No objection was made to the offered evidence upon any such ground. The objection was based expressly upon the single and specific ground 'that such statement or proposition was, as appears by the testimony of said witness, made for the purpose of a settlement of controversies then existing between the said parties and which had since become the subject of this suit.'

"This being the sole ground of the objection, all others which might have been urged, must be considered as waived."

Numerous other cases might be cited, as for example, *Kansas Farmers' Fire Ins. Co.* v. *Hawley,* 27 Pac., 176, where the court says:

"An objection to a question because it is leading does not raise the question as to whether such question is competent or not."

In *Schlemmer* v. *Buffalo, Rochester & Pittsburg R. R. Co.,* 205 U. S., p. 1, the court says:

"Statements of a witness although based on hearsay constitute evidence in the cause unless seasonably objected to as hearsay."

Also the early case of *Hinde* v. *Longworth,* 11 Wheaton, p. 209.

If appellants had objected to the competency of Serrano or others to testify about the title, appellees might then have produced the proof of a due appointment by a competent court.

It is also suggested that the conveyance from Tomás Falero to Isabel Falero is not shown. There is the testimony of Serrano and others to the effect that Tomás Falero gave his property to Isabel Falero because he had as tutor appropriated her inheritance. But there was no exception taken on this account at any point in the proceedings in the court below or on the brief of the appellants. This objection is governed by the same principles that apply to the tutorship. Moreover a sale or transfer may be made in various manners because in whatever manner it may appear that a man has intended to bind himself, he is legally bound and a contract of this kind produces its effects between the contracting parties and their assigns, even if such contract has not been made by public deed or private document. Judgment of the Supreme Court of Spain, February 25, 1901.

Furthermore, there is nothing in the evidence to show the way the property was transferred and there is nothing, therefore, to militate against the fact that Tomás Falero and Isabel

Falero may have made a written contract. Her possession raises the presumption of transfer of the property in due form.

When, therefore, the witnesses all testify that the property was given to Isabel Falero, or to Avelino Falero for her, and we find the possession inscribed in the registry it is sufficient proof of the principal link in appellees chain of title and it is unnecessary to inquire what the particular mode of transfer was. When no exception is taken to such evidence it has a full probatory effect.

We are therefore of the opinion that the court committed no error and we find for the affirmance of the judgment. I am authorized to state that Mr. Justice Figueras concurs in this opinion.

*Affirmed.*

Mr Justice Figueras concurred.

Justices Hernández and MacLeary voted for the reversal of the judgment.

Mr. Chief Justice Quiñones took no part in the decision of this case.