## COTO *v.* RAFAS ET AL.

### APPEAL from the District Court of San Juan, Section 1.

No. 754.—Decided June 13, 1912.

EVIDENCE—OBJECTION TO EVIDENCE.—Any probatory evidence may be considered by the trial court if no objection is raised to the admission thereof. This is an application of the maxim *concensus tollit errorem.*

APPEAL—AGREEMENT AS TO MATERIAL FACTS.—When the parties with the consent of the court, agree to try a case on the theory that a certain question is material to the issue, said theory cannot be rejected when the case is on appeal for review.

ID.—ALLEGATION WHICH HAS BEEN STRICKEN OUT—OBJECTION.—In accordance with the doctrine expressed in the preceding paragraph, when the facts stated in an allegation which has been stricken out are proven without objection by the adverse party and submitted as facts essential to the consideration and decision of the case by the trial court, the judgment appealed from will not be reversed for that reason.

THIRD PARTIES—RECORD OF TITLE—MORTGAGE LAW.—In the case at bar the title of ownership of the subject matter of the suit was not recorded in the registry of property. *Held:* That the character of third party alleged by the defendant should not be governed by the special provisions of the Mortgage Law, but by the general provisions of the Civil Code.

ID.—"A" sells certain property to "B" under a private instrument. Later "A" simulates a debt in favor of "C" who sues "A" and obtains an attachment to secure the effectiveness of the judgment on the same property sold by "A" to "B." During the prosecution of the action "C" sells his credit to "D," who has knowledge of the history of the case. "B" brings an action in intervention against "A," "C" and "D." In said action "D" alleged that he was a third party. *Held:* That the trial court having decided that the simulation of the debt of "A" to "B" and the knowledge of that fact by "D" were proven, "D" cannot be considered as a third party.

The facts are stated in the opinion.

*Messrs. Luis Freyre Barbosa* and *Eugenio Benítez Castaño* for appellants.

*Mr. José E. Benedicto* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a case of intervention in connection with real property.

The plaintiff alleges, in substance, that on December 12, 1909, he bought of Celedonio Cortés, subject to redemption, for the sum of $495.42, which was received by him to his entire satisfaction, a wooden tenement house situate in Puerta de Tierra, and that on January 2, 1910, he bought, also subject to redemption, from said Celedonio Cortés, another wooden tenement house situate in Puerta de Tierra, for the sum of $223.04, which Cortés again received to his entire satisfaction. Both contracts were entered in private instruments and inserted in the complaint. The tenement houses are duly described.

That on June 12 and July 2, 1910, the periods fixed for the exercise of the right of redemption expired without having been taken advantage of by the vendor, the sale being thereby perfected and the tenement houses becoming, accordingly, the exclusive property of the plaintiff.

That on June 1, 1910, Zenón Vega brought an action in the municipal court against Celedonio Cortés to recover the sum of $465, which, in a private instrument dated January 4, 1910, Cortés acknowledged owing him. Said private instrument was acknowledged by Cortés before a notary public on the same day that Vega filed his complaint—June 1, 1910. That in order to secure the effectiveness of such judgment as might be rendered in the case the aforesaid tenements were attached as the property of Cortés.

That on June 4, 1910, the plaintiff, Coto Pereira, filed an action in intervention in the municipal court against Vega and Cortés, claiming ownership of the attached tenements.

That Zenón Vega assigned his credit to Eugenio Rafas while the action in intervention was being tried, and the municipal court, having been notified of the assignment, made an order declaring Rafas to be the plaintiff in the case "under the same conditions and subject to all such effects as may exist in, or be derived from, the aforesaid action and its consequences."

That in said intervention proceedings judgment was rendered in favor of Coto Pereira and the attachment levied on the tenements was ordered to be dissolved.

That Rafas appealed from the judgment, but the appeal was not passed upon as Coto Pereira desisted from his action because he had doubts as to the jurisdiction of the municipal court in the case, by reason of the amount involved therein.

And that the document executed by Celedonio Cortés in favor of Zenón Vega was simulated, the simulation being described in detail.

The defendant, Rafas, moved that the count of the complaint relative to the simulation of the contract executed be-

tween Celedonio Cortés and Zenón Vega be stricken out, and the court so ruled; but, notwithstanding this, the plaintiff introduced at the trial evidence of the simulation, without opposition on the part of the defendant.

Said defendant, moreover, answered the complaint denying such facts as were detrimental to him, and alleged that when he acquired from Zenón Vega the credit of $465, said credit had already been passed upon by final judgment.

The district court, after hearing the case, sustained the complaint, and made such other pronouncements as were proper, and from this judgment, rendered on May 31 and entered June 1, 1911, the present appeal was taken.

In his brief the appellant assigns the following errors:

1. The demurrer based on the ground that the complaint did not state facts sufficient to constitute a cause of action should have been sustained.

2. The alleged simulation of the contract executed between Cortés and Vega having been eliminated from the complaint, evidence on this point should not have been admitted.

3. It was an error to allow the introduction of private documents to the prejudice of a third party, and

4. The purchase of the tenements by Coto Pereira has not been established.

As to the first error we are of the opinion that the complaint states sufficient facts to warrant the conclusion that the tenements in question are the property of the plaintiff and not of the defendants, and this being the case, as will be seen more clearly upon consideration of the other errors assigned, the demurrer to the complaint was properly overruled.

In regard to the second error we find nowhere in the transcript that the appellant had opposed the introduction of the evidence mentioned. On the contrary, upon an examination of the allegations, the method of procedure in taking evidence, and the judgment of the district court, the conclusion is reached that the simulation of the contract executed

between Cortés and Vega, notwithstanding the order to strike it out, was a material fact submitted finally to the consideration and decision of the district court, and it is not on appeal that the defendant and appellant can go against his own acts upon realizing that they may prejudice him.

It is a principle of law that any probatory evidence may be considered by the court, if no objection to the introduction thereof is made. *Burton* v. *Driggs,* 20 Wall., 133; *District of Columbia* v. *Woodbury,* 136 U. S., 450, 462; *Patrick* v. *Graham,* 132 U. S., 627; *Coinden* v. *Doremus,* 3 How., 515. This is an application of the maxim *consensus tollit errorem. Falero* v. *Falero,* 15 P. R. R., 122.

It is a well-established rule that when the parties, with the approval of the court, are agreed in having a case judged on the theory that a certain matter comes within the issues, such theory cannot be rejected when the case comes before a court of appeal for review. *San Juan Light and Transit Company* v. *Requeña,* opinion of the Supreme Court of the United States, rendered March 12, 1912.

With respect to the third error we find that this case should be decided in accordance with the general provisions of civil law, since the special provisions of the Mortgage Law are not applicable thereto, owing to the fact that the ownership of the tenements in question was not recorded in the registry in favor of any person.

That Celedonio Cortés was the owner of the two tenements in question; that Zenón Vega brought suit against Celedonio Cortés on June 1, 1910, and to secure the effectiveness of such judgment as might be rendered he levied an attachment on the tenements; that upon effecting the attachment Coto Pereira filed his first action in intervention, claiming ownership of the tenements, and that after the intervention was filed Zenón Vega assigned his credit against Cortés to the defendant and appellant, Eugenio Rafas, are facts that have been proven.

The plaintiff, Coto Pereira, to prove the ownership alleged by him, attached to his complaint two private documents dated December 12, 1909. The defendant and appellant, Rafas, maintains that he is a third party, and that, therefore, said documents can prejudice him only from the date of their introduction in court, and that such date being subsequent to the attachment levied by his assignor, the attachment should prevail in preference to such right as Coto Pereira may have.

The ownership of the attached property has not been transferred to Rafas. He is merely a personal creditor of Cortés, whose credit had been adjudged and secured by property attached as belonging to Cortés.

Can he in such case be considered a third party? Having in mind the result of the evidence taken, we are of the opinion that he can not.

The plaintiff not only established the fact of the sale by means of the private instruments; of his own sworn testimony; of the sworn testimony of the witness, Inocencio Rivera, who drew up the documents and witnessed the delivery of the money; and the testimony, likewise sworn to, of Notary Socorro, before whom Coto Pereira and Celedonio Cortés appeared during the first months of 1910, to execute a deed of absolute sale of the tenements (the sales as stated in the private documents being subject to redemption), part of the money to be used to satisfy a debt which Cortés owed a certain Mrs. Colombani, which deed was not signed because at the last moment Cortés disagreed on account of the debt due Mrs. Colombani, he furthermore proving that the debt due Vega by Cortés was simulated.

In addition to the fact that said debt was made to appear in a private document dated January 4, 1910, and that it was acknowledged by the debtor before a notary on June 1, 1910—that is, on the same date the action was brought and security for the effectiveness of judgment was sought—there is the testimony of Attorney Ginorio and witness Maisonet. The former stated, briefly, that Celedonio Cortés had called at his

office to ask his advice as to the means of eluding the payment of a debt he owed Coto Pereira and Mrs. Colombani. The latter, among other statements, made the following: That he knows Juan Coto Pereira, Cortés, Rafas, and Zenón Vega; that the latter called on him at his house in the month of May at 6 o'clock in the evening and asked him if he desired to earn some money. When questioned as to the kind of work, Vega replied, "in drawing up a document for the purpose of saving a poor fellow." To this the witness replied that he would call at Vega's café. The next day the witness, on his way to San Juan, entered Vega's café and was asked by the latter: "Shall we draw up the document?" to which he replied, "Let us see what it is about." The answer was "Coto Pereira thinks of levying an attachment on a house, and the poor fellow cannot be left in the street;" that "the person to be saved was Celedonio Cortés." For this purpose it was desired to draw up a document under a previous date, and witness replied that he would not be mixed in the affair because it was a criminal offense. He thinks that on June 1 he came to the market place, where he met Cortés, Ramón Miranda, and Zenón Vega, the latter of whom asked him, "What about it?" The witness replied, "I will do nothing." He states that he does not know whether they did anything after this. He then says that on June 1 he met them at the market place and they were going to draw the document. He knows this because they told him of it when, to the question "What about it?" he replied, "I will do nothing."

On such probatory elements as grounds the district court, who heard the witnesses testify personally and who could, under better conditions than we, judge of their veracity, reached the conclusion that Vega, Cortés' supposed creditor, had knowledge of the sales of the tenements by Cortés to Coto, and that Rafas, Vega's assignee, who acquired the credit after Coto had filed his first action in intervention, also had knowledge of the existence of said contracts, and that, therefore, neither Vega nor Cortés are third parties.

The last ground for the appeal is the only one remaining for consideration. The appellant maintains that it has not been established that Coto Pereira had really bought the buildings of Cortés. At the trial the defendant, Rafas, through cross-examination of the plaintiff's witnesses, endeavored to show that the contracts entered into between Coto and Cortés referred to loans of money and not to the purchase and sale of property. The trial court found, upon examining all the evidence, that the question was one of a purchase, and we find no well-founded reasons to state. that its conclusion was erroneous.

The evidence is sufficient to establish a purchase subject to redemption, which became effective because the vendor failed to exercise his right of redemption in due time.

The appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.