MAYMÓN, PLAINTIFF AND APPELLEE, v. VICTORIA & CO.. DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1541.—Decided May 1, 1917.

EVIDENCE—OBJECTION.—It is a well-established rule that when the evidence is admitted generally without objection and no attempt is made in the trial court to limit or restrict its effect, it is admitted for all purposes and should be considered and given its full value.

ERROR.—After examining the pleadings and the evidence in this case, it was held that the errors assigned by the appellant had not been committed, and, therefore, that the judgment appealed from should be affirmed.

The facts are stated in the opinion.

*Messrs. Pascasio Fajardo Martínez* and *E. Ramírez Nadal* for the appellants.

*Mr. Amadeo Nazario Lugo* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages. The complaint alleges in substance (1) that the plaintiff is engaged in the exhibition of cinematograph pictures in Mayagüez, P. R., and has extended the business to the Dominican Republic; (2) that the defendant company is and was on April 14, 1915, a shipping company engaged in the transportation of freight and passengers between Porto Rico and Santo Domingo; (3) that Gualberto Soler is the subagent in Mayagüez of the defendant's agent in Porto Rico; (4) that in April, 1914, the plaintiff delivered a case containing fifteen films to the defendant company, through its subagent, which the defendant accepted for shipment for its own account and risk; (5) that the films were worth $941.75; (6) that they were consigned to the agent of the plaintiff for exhibition in Santo Domingo; (7) that having been delivered to the subagent of the de-

fendant, he in turn delivered them to a boatman named Cumpiano to take on board the defendant's steamer *Jacaguas,* which was anchored in the port of Mayagüez; (8) that when Cumpiano arrived alongside the steamer, in answer to a question by a sailor he said that the case was for shipment; (9) that the sailor, an employee of the defendant, descended into Cumpiano's boat and although the latter told him that the case should be hoisted with the winch on account of its weight, he insisted upon raising it by hand; (10) that while Cumpiano and the sailor were attempting to raise it in this manner the latter slipped and fell with the box into the water; (11) that the case was recovered, taken to land and deposited in the customhouse without any notice to the plaintiff; (12) that having been privately notified, the plaintiff went to the customhouse and found that all of the films were damaged; (13) that in consequence of his not having been able to exhibit the said films in Santo Domingo the plaintiff lost $3,000; (14) that also in consequence of the same, contracts which the plaintiff had in Santo Domingo, representing a value of $4,000, were rescinded. The plaintiff concludes with a prayer for judgment for $7,941.75, with costs, disbursements and attorney fees.

The defendant answered admitting the first three allegations of the complaint, with a certain reservation as to the first, denying that the plaintiff delivered the films to the subagent of the defendant for shipment and alleging that the plaintiff made a contract with the subagent of the defendant to carry a case of films from the port of Mayagüez to Santo Domingo under the agreement that the plaintiff would take it aboard the steamer *Jacaguas* for his own account and risk, denying all the other allegations of the complaint and alleging as new matter of defense (1) that in April, 1915, the plaintiff requested the defendant company to transport a case containing films and to that end signed a bill of lading which contained a clause reading, "cargo to be received and delivered alongside the ship"; (2) that after signing the bill of lading the plaintiff delivered the case to the boatman, Cumpiano, to

take on board the *Jacaguas*; (3) that Cumpiano has never been
an employee of the defendant; (4) that Cumpiano himself
tried to raise the box on board and fell with it into the water;
(5) that the damages sustained by the plaintiff were due to
the negligence of his own agent, Cumpiano. The defendant
finally alleges in its answer that the complaint does not state
facts sufficient to determine a cause of action and concludes
with a prayer that the complaint be dismissed with costs, ex-
penses, disbursements and attorney fees against the plaintiff.

Issue being thus joined, the case went to trial, both parties
examined their evidence and later submitted the case on briefs.
The court considered the pleadings, the evidence and argu-
ments and rendered judgment for the plaintiff in the sum of
$1,118.75, together with the costs, disbursements and attorney
fees, making the following findings of fact:

"A. The first, second and third allegations of the complaint be-
cause they were admitted by the defendant in the answer, and be-
cause that part of the first allegation which was denied by the de-
fendant for lack of information and belief was corroborated by
plaintiff Maymón, whose testimony was not rebutted.

"B. That about the month of April, 1915, the plaintiff delivered
the case containing the fourteen films mentioned in the complaint
to Gualberto Soler, as the agent of the defendant company, and that
said agent, who was an agent of the company on the said date, ac-
cepted it for shipment for account and risk of the said defendant
company, and not as special agent of plaintiff Maymón.

"C. That the said fourteen films were worth $941.75 on the
date of such delivery, and that they were consigned to the agent of
plaintiff Maymón in Santo Domingo for exhibition in that Republic.

"D. That Gualberto Soler, as the agent of the defendant company,
delivered the case of films in question for shipment on the steamer
*Jacaguas* on the day that it fell into the water and its contents were
damaged through the negligence of the employees of the defendant
company and not of plaintiff Maymón, and that the accident oc-
curred without any contributory negligence on the part of plaintiff
Maymón.

"E. The court also finds that as a result of the loss of the said
films through the negligence of the defendant company and the con-
sequent inability to exhibit them in the theaters of Santo Domingo,

plaintiff Maymón suffered damages in the sum of $167, which amount has not been paid him in whole or in part by the defendant company.''

The appellant claims that the district court erred in finding that a· freight contract existed when no document was introduced to show that the contract was entered into, such document being required by the Code of Commerce.

While it is true that no written contract was introduced at the trial, there was oral evidence of the contractual conditions, to the admission of which the defendant made no objection; and it is known that—

''The rule is well settled that when evidence is let in generally, without objection, and no attempt is made in the trial court to. limit or confine its effect, it is in for all purposes, and it must be considered and allowed its full force.''   Jones, Com. on Evidence, Vol. 2, p. 188, and cases cited.

Citing from the case of *Falero* v. *Falero,* 15 P. R. R. 111, we said in the case of *Coto* v. *Rafas et al.,* 18 P. R. R. 493:

''It is a principle of law that any probatory evidence may be considered by the court, if no objection to the introduction thereof is made.   *Burton* v. *Driggs,* 20 Wall. 133; *District of Columbia* v. *Woodbury,* 136 U. S. 450, 462; *Patrick* v. *Graham,* 132 U. S. 627; *Coinden* v. *Doremus,* 3 How. 515.   This is an application of the maxim *Consensus tollit errorem.''*

As a second assignment of error, the appellant alleges that the court could not set the value of the films at $941.75 when the plaintiff himself had valued them at $253.26 for the purposes of shipment.   In support of this error the appellant claims that it was the plaintiff himself who introduced in evidence the shipping manifest in which the films were valued at $253.26.   The appellee contends in his brief that the said value was purely nominal, that it in no way affected the shipping transaction, and that the true value was shown by the evidence produced at the trial.   We have examined the statement of the case prepared by the appellant and although we find that the plaintiff refers to this matter twice in his testi-

mony, the document in which the films are said to be valued at $253.26, apparently for the payment of customs duties, is not transcribed therein, nor is it clearly shown that it was admitted in evidence. In these circumstances we are not in a position to decide properly the question raised. Without knowing the exact terms of the said document, we are unable to determine its scope or decide whether the plaintiff, after signing it, was estopped from alleging and proving that the value of the merchandise was really greater. Omitting this question, the evidence amply justifies the finding of the court.

The appellant also claims that the court erred in finding that Soler acted as agent of the defendant company. It is not necessary to analyze the evidence in order to reach the conclusion that the court did not commit the error assigned, for an examination of the answer of the defendant is sufficient.

The next assignment of error is that the evidence does not show that the plaintiff suffered damages amounting to the sum of $167 through his inability to exhibit the films in Santo Domingo. The plaintiff's evidence tended to prove a greater loss. Therefore the evidence amply sustains the finding of the court on this point.

The appellant contends there was no proof of the defendant's negligence. The evidence was contradictory. The witnesses for the plaintiff testified that it was the sailor on board the *Jacaguas* who insisted upon raising the case by hand, notwithstanding the warning that it was heavy and should be hoisted with the winch. The witnesses for the defendant place all the blame on the boatman Cumpiano. The court decided the conflict correctly, in our opinion, in favor of the witnesses for the plaintiff.

Finally, the appellant contends that the court erred in finding that the plaintiff suffered a total loss of the films. The evidence was complete on this point. Soaked by sea water and then left in that condition for three days at the customhouse, the films were useless.

In view of the foregoing the appeal should be dismissed and the judgment appealed from affirmed in all its parts.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.