Maymón, Demandante y Apelado, *v.* Victoria & Co., Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización de daños y perjuicios.

No. 1541.—Resuelto en mayo 1, 1917.

Pruebas—Falta de Objeción.—Es una regla bien establecida que cuando la prueba se admite en sentido general sin objeción y no se hace tentativa alguna en la corte inferior para limitar o restringir su efecto, queda admitida para todos los fines y debe ser considerada y concedérsele todo su valor.

Daños y Perjuicios—Examen de las Alegaciones y las Pruebas—Falta de Errores.—Examinadas las alegaciones y las pruebas en este caso, *se resolvió:* que no se habían cometido los errores alegados por la parte apelante y, por tanto, que debía confirmarse la sentencia apelada.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Pascasio Fajardo Martínez y E. Ramírez Nadal.*

Abogado del apelado: *Sr. Amadeo Nazario Lugo.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un caso sobre daños y perjuicios. En la demanda se alegó, en resumen, 1, que el demandante es un industrial dedicado en Mayagüez, P. R., a la exhibición de cintas cinematográficas, cuyo negocio ha extendido a la República Dominicana; 2, que la demandada es y era en 14 de abril de 1915 una empresa naviera dedicada al transporte de carga y pasajeros entre Puerto Rico y Santo Domingo;

3, que Gualberto Soler es sub-agente en Mayagüez del agente de la demandada en Puerto Rico; 4, que en abril de 1914 el demandante entregó a la demandada, por conducto de su sub-agente, para embarque a Santo Domingo una caja conteniendo 15 películas, cuya caja fué aceptada por la demandada para su embarque por cuenta y riesgo de la misma; 5, que las películas valían $941.75; 6, que iban consignadas al agente del demandante para que éste las exhibiera en Santo Domingo; 7, que entregadas al sub-agente de la demandada, éste las entregó a su vez al marino Cumpiano para que las llevara abordo del vapor de la demandada "Jacaguas," surto en el puerto de Mayagüez; 8, que al llegar Cumpiano al costado del vapor y al ser interrogado al efecto por un marinero, contestó que la caja iba a ser embarcada; 9, que el marinero, empleado de la demandada, bajó al bote de Cumpiano y a pesar de que éste le manifestó que la caja por su peso debía izarse con la maquinilla, se empeñó en subirla a mano; 10, que al tratar de subirla así entre Cumpiano y el marinero, éste resbaló y se fué al agua con la caja; 11, que puesta a flote la caja fué devuelta a tierra y depositada en la aduana, sin darle aviso al demandante; 12, que avisado particularmente el demandante, se personó en la aduana y encontró que todas las películas estaban dañadas; 13, que como consecuencia de no haber podido exhibir el demandante las películas en Santo Domingo, ha perdido $3,000; 14, que también a consecuencia de ello le fueron cancelados contratos que allí tenía y que representaban un valor de $4,000. El demandante termina suplicando que se dicte sentencia a su favor por la suma de $7,941.75, costas, desembolsos y honorarios de abogado.

La demandada contestó aceptando los tres primeros hechos de la demanda con cierta salvedad respecto del primero, negando que el demandante entregara para su embarque al sub-agente de la demandada las películas y alegando que el sub-agente de la demandada y el demandante celebraron un contrato para trasladar desde el puerto de Mayagüez al de Santo Domingo una caja de películas, conviniendo el deman-

dante en llevarla por su cuenta y riesgo a bordo del vapor "Jacaguas," negando todos los demás hechos de la demanda y alegando como materia nueva, 1, que en abril de 1915 el demandante solicitó de la compañía demandada el transporte de una caja conteniendo películas firmando al efecto un conocimiento que en una de sus cláusulas dice: "la carga se recibe y entrega al costado del buque," 2, que firmado el conocimiento, el demandante entregó la caja al botero Cumpiano para que la llevara al "Jacaguas"; 3, que Cumpiano no ha sido nunca empleado de la demandada; 4, que Cumpiano quiso subir él mismo la caja abordo y se fué con ella al agua; 5, que debido a la negligencia de su propio agente Cumpiano, fué que el demandante recibió el daño. La demandada finalmente alega en su contestación que la demanda no aduce hechos suficientes para determinar una causa de acción y termina suplicando que se declare sin lugar la demanda, imponiendo al demandante las costas, gastos, desembolsos y honorarios de abogado.

Trabada así la contienda, se celebró la vista practicando ambas partes su prueba y argumentando luego por escrito. La corte consideró las alegaciones, la evidencia y los informes, y dictó sentencia en favor del demandante por la suma de $1,118.75, y las costas desembolsos y honorarios de abogado, declarando probados los siguientes hechos:

"A. Los hechos primero, segundo, tercero de la demanda. Por haber sido admitidos por la demandada en su contestación, así como el extremo del hecho primero, que fué negado por la demandada por falta de información y creencia, pero que corroboró el demandante Maymón, sin que su declaración fuera contrarrestada.

"B. Que por el mes de abril de 1915 el demandante entregó a Gualberto Soler, en su carácter éste de agente de la compañía demandada la caja contentiva de las catorce películas que se alegan en la demanda y que dicho agente, que lo era en dicha fecha un agente de la compañía demandada, la aceptó para su embarque por cuenta y riesgo de la repetida compañía demandada, y no como agente especial del demandante Maymón.

"C. Que dichas catorce películas tenían a la fecha de tal entrega

un valor de novecientos cuarenta y un dollars, setenta y cinco centavos y que iban consignadas al agente del demandante Maymón en Santo Domingo para su exhibición en la República.

"D. Que la caja de las películas en cuestión fué entregada por Gualberto Soler, en su calidad de agente de la compañía demandada para su embarque en el vapor 'Jácaguas' el día que se cayó al agua, dañándose completamente su contenido, por negligencia de los empleados de la compañía demandada y nó por la del demandante Maymón, quien tampoco fué culpable de la negligencia contributiva en dicha ocurrencia.

"E. Entiende además probado la corte que el demandante Maymón como consecuencia de la pérdida de dichas películas por la negligencia de la compañía demandada al no poder exhibirlas en los teatros de Santo Domingo, sufrió daños montantes a la suma de ciento sesenta y siete dollars, ninguna de cuya suma ha sido satisfecha en todo ni en parte por la compañía demandada al demandante Maymón."

Alega la apelante que la corte de distrito erró porque dió por probado un contrato de fletamento sin que se presentara el documento creditivo de su celebración que debió haberse otorgado de acuerdo con lo prescrito en el Código de Comercio.

En el acto de la vista no se presentó en efecto el documento otorgado, pero sí prueba oral de las condiciones del contrato, sin que la demandada hiciera objeción alguna a la práctica de dicha prueba, y sabido es que "es una regla bien establecida que cuando la prueba es admitida en sentido general, sin objeción, y no se hace tentativa alguna en la corte inferior para limitar o restringir su efecto, queda admitida para todos los fines, y debe ser considerada y concedérsele todo su valor." 2 Jones Commentaries on Evidence, 188, y casos citados. Tomando la cita del caso de *Falero* v. *Falero,* 15 D. P. R. 122, dijimos en el de *Coto* v. *Rafas et al.,* 18 D. P. R. 508, 511, "Es un principio de derecho que cualquier testimonio probatorio pueda ser considerado por la corte, si no se presenta objeción alguna a la admisión del mismo. (*Burton* v. *Driggs,* 20 Wall. 133; *District of Columbia* v. *Woodbury,* 136 U. S., 450, 472; *Patrick* v. *Graham,* 132 U. S. 627; *Cam-*

*den* v. *Doremus,* 3 How. 515.)   Esta es una aplicación de la
máxima *Consensus tollit errorem.''*

Como segundo error, alega la apelante que la corte no
pudo reconocer a las películas el valor de $941,75, cuando el
mismo demandante las había valorado a los efectos de em-
barque en $253.26.   Al sostener este error, consigna la ape-
lante que fué el propio demandante el que introdujo como
prueba el *''shipper manifest''* en donde se dió a las pelícu-
las el valor de $253.26.   El apelado sostiene en su alegato
que dicho valor fué puramente nominal, que en nada afectaba
a la operación de embarque, y que el verdadero valor se de-
mostró por la prueba practicada en el acto de la vista.   He-
mos examinado la relación del caso preparada por la ape-
lante y por más que encontramos que, en dos ocasiones, el
demandante declarando como testigo se refiere a esta cues-
tión, el documento en que se dice que se dió a las películas
el valor de $253.26, al parecer para el pago de los derechos de
aduana, no se transcribe en ella, ni consta con toda claridad que
se presentara como prueba. Bajo estas circunstancias, no esta-
mos en condiciones de resolver en debida forma la cuestión
planteada. Sin conocer con toda exactitud los términos del in-
dicado documento, no podemos fijar su alcance, ni resolver
si el demandante quedó o no impedido, después de firmarlo,
de alegar y probar que era mayor en realidad el valor de la
mercancía.   Prescindiendo de esta cuestión, la prueba prac-
ticada sostiene ampliamente la conclusión de la corte.

Alega también la apelante que la corte erró al declarar
probado que Soler actuó como agente de la compañía deman-
dada.   Para concluir que la corte no cometió el error alegado,
no es necesario analizar la prueba;   basta examinar la con-
testación de la misma demandada.

El siguiente error alegado es el de que la prueba no de-
muestra que el demandante sufriera daños montantes a la
suma de $167, por no poder exhibir las películas en Santo
Domingo.   La prueba del demandante tendió a demostrar

una suma mayor.  La evidencia sostiene, pues, ampliamente la conclusión de la corte en este extremo.

Alega la apelante que no hubo prueba de la negligencia de la demandada.  La evidencia fué contradictoria.  Los testigos del demandante demuestran que fué el marino del "Jacaguas" el que, no obstante habérsele advertido el peso de la caja y la necesidad de hacer uso de la maquinilla para subirla, se empeñó en hacerlo a pulso.  Los testigos de la demandada ponen toda la culpa en el botero Cumpiano.  El juez resolvió el conflicto, correctamente a nuestro juicio, en favor de los testigos del demandante.

Y sostiene por último la apelante que la corte erró al decidir que la demandante sufrió la pérdida absoluta de las películas.  La evidencia fué completa en este extremo.  Mojadas con agua del mar las películas y abandonadas luego en tal estado por tres días en la aduana, quedaron inservibles.

Por virtud de todo lo expuesto, debe declararse sin lugar el recurso y confirmarse en todas sus partes la sentencia apelada.

<em>Confirmada la sentencia apelada.</em>

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.