WICHITA MILL & ELEVATOR CO., DEMANDANTE Y APELADA, *v.* SÁNCHEZ, DEMANDADO Y APELANTE.

No. 3193.—*Visto:* Marzo 20, 1924. *Resuelto:* Mayo 31, 1924.

JUICIO—AUSENCIA DEL DEMANDADO EN EL JUICIO—PRUEBA OFRECIDA Y ADMITIDA SIN OPOSICIÓN—OBJECIONES TARDÍAS EN APELACIÓN.—Celebrado el juicio sin que el demandado ni su abogado concurrieran, se dictó sentencia que más tarde se anuló a petición del demandado y sin oposición del demandante. Objetada en apelación la admisión de prueba documental del demandante principalmente por no aparecer que tal prueba se hubiera ofrecido para un fin determinado, *se resolvió:* que no habiendo sido objetada la prueba al ser ofrecida, la objeción es tardía.

SENTENCIA de *M. Rodríguez Serra,* J. (San Juan, Distrito Segundo), en acción de cobro de dinero, declarando con lugar la demanda con las costas. *Confirmada.*

*H. R. Francis,* abogado del apelante; *Monserrat & Monserrat* abogados de la apelada.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

La demandante Wichita Mill & Elevator Co. demandó a Felipe Sánchez Osorio reclamándole la suma de $2,558 procedente de 300 sacos de harina que la demandante, por conducto de sus agentes Mier, Martínez & Cía., vendió al demandado.

El contrato se realizó por escrito y su copia literal es como sigue:

"Pedido No.—Agosto 27, 1920.—Sr. Wichita Mill & Elevator Co. Embarque a Felipe Sánchez Osorio, a San Juan, Carolina vía: del molino. Cuando: Septiembre y Octubre. Condiciones: G/cta. cont. a la vista a pagar al recibo de la mercancía, descontando 10 c. por saco, 300 sacos de 200 lbs. c/u, harina de trigo 1ª. 'Creciente' a facturar al mejor precio del mercado el día del embarque. Sujeto a confirmación por cable. Firmado: Por Mier & Martínez, Agente.— F. Sánchez Osorio."

La demandante verificó el embarque de la mercancía en los meses estipulados de septiembre y octubre de 1920, en dos partidas de 150 sacos cada una. La primera partida fué retirada del muelle de este puerto por el demandado y

utilizada en su negocio. El giro que representaba su importe y que acompañaba al conocimiento de embarque fué aceptado por dicho demandado sin hacer objeción al cómputo del precio que venía calculado al mejor que arrojaba el mercado el día del embarque siguiéndose en esto una de las cláusulas del contrato. El giro, sin embargo, no fué pagado por lo que tuvo que ser protestado, originando los gastos de protesta la suma de $35. Los restantes 150 sacos no fueron recogidos por el demandado a su llegada, por lo que los agentes de la demandante tuvieron que hacerse cargo de ellos con instrucciones del demandado para que, por cuenta de éste, realizara su venta. Dichos agentes así lo hicieron. La operación de venta se llevó a cabo, pero produjo un quebranto en el precio de $495 en relación con el que se cotizaba el día del embarque, cuya diferencia, unida al importe del giro protestado y sus gastos, hace un total de $2,055 que el demandado no ha satisfecho y por lo que la corte inferior dictó sentencia adjudicando su pago a la demandante.

El demandado-apelante señala como errores la admisión en evidencia de la prueba documental que fué presentada y considerar la corte inferior probadas las alegaciones esenciales de la demanda.

En relación con el primer error, es bastante decir que la prueba documental fué ofrecida y admitida sin que el demandado ni su abogado concurrieran a la vista del pleito. Es verdad que primeramente se dictó sentencia concediéndose lo pedido en la demanda y que luego a petición del demandado y sin oposición de la demandante se dejó sin efecto la sentencia para dar una oportunidad el demandado de presentar su prueba, pero consideramos que bajo las circunstancias de este caso, fué discrecional de la corte inferior oir la prueba del demandado y era tarde objetar la prueba que ya había sido practicada por el demandante. Además, siendo el motivo principal aducido de que no aparecía que la prueba documental se había ofrecido para un

fin determinado, si no hubo objeción, quedaba admitida para todos los fines y debe ser considerada y concedérsele todo su valor. *Maymón* v. *Victoria & Co.*, 25 D.P.R. 192.

Como error de apreciación el apelante alega que el precio estipulado en el contrato era el mejor del mercado al llegar la harina a Puerto Rico y no el del embarque como estimó la corte inferior. El apelante está equivocado. El contrato no dice tal cosa. Su texto en ese extremo es claro y preciso, diciendo "a facturar al mejor precio del mercado el día del embarque." Un poco que se hubiese fijado el apelante al leer el contrato hubiera visto su manifiesto error.

El apelante sostiene por último que no se probó que la demandante fuera una corporación debidamente organizada, pero éste es un hecho que se desprende de la prueba del demandante.

La sentencia *debe ser confirmada.*