CECILIO MÉNDEZ, Plaintiff and Appellant, *v.* DIEGO G. GONZÁLEZ ET AL., Defendants and Appellees.

No. 5937. Argued April 5, 1934.—Decided June 30, 1934.

*R. Padró Parés* for appellant.   *García Méndez & García Méndez* for appellees.

Mr. Justice Wolf delivered the opinion of the Court.

Diego G. González began a suit in the District Court of Aguadilla against Marcelino Aldarondo and attached certain real estate to secure the effectiveness of the judgment. Thereafter, Cecilio Méndez presented a suit of intervention (*tercería*) claiming the property as his own. Diego G. González answered the complaint in intervention. The intervention proceeding went to trial and the District Court of Aguadilla decided against the intervenor. The theory of the opinion was that the conveyances under which Cecilio Méndez, the intervenor, claimed title were in fraud of creditors, under Section 1264 (1249–1930 Ed.) of the Civil Code, because there was no consideration for the transfer made from Aldarondo to Méndez.

At the trial the plaintiff presented the deeds of transfer from Aldarondo to Méndez and rested. The defendant thereupon introduced ample evidence tending to show that no consideration passed from Méndez to Aldarondo.

One of the assignments is that the court erred in refusing to eliminate the following questions made to Diego G. González when he was on the witness stand: "Q. Before the eyes of the public to whom belonged these properties (*fincas*) after the fact of the transfer? To whom have they continued to belong in the eyes of the public after the transfer?"

They were no specific objections made to these questions. They were general. The rule of law is that a party must

be given an opportunity to correct. *Burton* v. *Driggs,* 20 Wall. 125; *Falero et al.* v. *Falero,* 15 P.R.R. 111, 116; 3 C. J. 746. Now there are exceptions to the rule when the vice of the question is apparent.

■ We have some idea that the appellant is right in maintaining that the public opinion had nothing to do with the question of fraud or title. Ordinarily we should be bound to hold that the objection to the questions was obvious. It is not impossible that some theory could be found by which the question would be justified by reason of the reputation in the community, but we know of none at present. On the other hand the examination of the witness made later showed that he was talking of facts known to himself and was not solely relying on the matter of reputation. In any event, the evidence in the case of a lack of consideration was so strong that the error, if any, was harmless.

■ Another assignment of error was that the defendant in the intervention had no right to offer testimony tending to show admissions made by Aldarondo. The appellant maintains that the admissions of Aldarondo were not the admissions of Méndez. Until we are strongly convinced of the contrary we are of the definite opinion that when a deed of sale is made, the admissions of either the purchaser or the vendor relating to the consideration of the deed are admissible in evidence.

■ Another assignment relates to the action of the court in refusing to permit certain statements because they were not properly rebuttal. We think the court committed no error and, if any, it was harmless, inasmuch as the case could not have been greatly varied by the evidence excluded.

■ We think the following evidence was sufficient to sustain the judgment: The defendant Diego G. González presented testimony tending to show that after the transfer Cecilio Méndez proceeded to make a mortgage or more to cover a debt that Aldarondo owed to another creditor. Diego G. González took the stand and offered testimony tending to

show that Aldarondo remained in possession of a part of the deeded property. The plaintiff presented evidence in rebuttal. The rebuttal evidence tended to show that the said creditors knew that González was acting as a sort of agent for Aldarondo. This is in addition to the admissions of Aldarondo himself to which we have referred. It is likewise a very significant matter in the case, that although Cecilio Méndez was present at the trial he did not take the witness stand and Aldarondo was never called as a witness. This is the suppression of evidence to which paragraph 5 of Section 102 of the Law of Evidence relates.

We think that the court was not moved by passion or prejudice. This disposes of the alleged errors referred to as against the judgment.

Other errors relate to the interpretation that the court gave to certain previous jurisprudence of this court, but under the facts of the case as recited by us, a case of fraudulent transfer was sufficiently made up.

█ The plaintiff in this court attempts to file a demurrer to the answer of Diego G. González. The appellee very properly says that this is not a privileged question as is a demurrer to the complaint. Section 109 of the Code of Civil Procedure does not cover the case. We are inclined to agree with the appellee that the answer sufficiently charges the fraud. Likewise, considering the facts of the trial, the answer could, if necessary, be considered as amended.

█ We have not given some of the errors assigned greater consideration because of the inadequate manner in which the brief of the appellant was presented. The appellees elaborately draws attention to the failure of the appellant to comply with the rules of this court and to a great extent he is right. Particularly we desire to draw attention again that a statement of the facts of the case is of the highest importance to this court and that an appellant does not comply with the rules by reciting the evidence witness by witness.

The judgment appealed from should be affirmed.