Gordon *v.* Searing.

---

## GORDON *v.* SEARING.

8    49
99   73

Secondary evidence of the contents of a deed or grant is admissible where the possession of the original is traced to the possession of a party not in the State.

The order in which testimony shall be admitted, is within the discretionary powers of the Court before whom the case is tried.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

Gordon sued in the Court below in ejectment for the possession of certain premises in the city of San Francisco, and relied, on the trial thereof, upon a grant made by T. M. Leavenworth,

on the twenty-third of December, 1848, to one George F. Emmons, from whom he derived his title by a series of mesne conveyances.

The original grant was not produced; but as a predicate for the admission of a certified copy of the grant, the plaintiff himself was sworn, who testified that he had inquired of all the agents of Emmons, the original grantee, for the grant, and had also searched their papers for the purpose of finding it, and that he had failed to discover the grant; that Emmons, the original grantee, was then at Rio Janeiro, in South America, and had not been in the State for several years. Plaintiff's counsel then introduced the deposition of T. M. Leavenworth, who testified that he had granted the premises in dispute, on the twenty-third of December, 1848, to George F. Emmons, who shortly afterwards left the State, and had never returned. On being shown the certified copy, he testified to its correctness, whereupon the Court below held that a sufficient predicate had been laid for the introduction of secondary evidence, and then admitted the certified copy under the exception of defendant's counsel.

Judgment for plaintiff, and defendant appealed.

*Aug. M. Heslep* for Appellant.

*Robert F. Morrison* for Respondent.

MURRAY C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The appellant contends that the Court below erred in admitting secondary evidence of the contents of a deed, and that the loss or absence of the original was not sufficiently accounted for. The plaintiff traced the paper to the hands of a person not in the State. This has always been held a sufficient predicate for the admission of secondary evidence, because the party in whose possession the paper is supposed to be, or was last seen, being beyond the jurisdiction of the Court, it has no power to compel his attendance, or the production of the paper.

Another alleged error is the order in which the Court permitted the testimony to be introduced on the trial. This is always a matter of discretion, and the plaintiff having made out his case, it is not regarded as material in what particular order he established the facts by his evidence.

Judgment affirmed.