BOSTON AND MAINE RAILROAD *vs.* ALFRED A. ORDWAY & another.

Essex.   Nov. 4, 1885. — Jan. 9, 1886.   FIELD & DEVENS, JJ., absent.
GARDNER, J., did not sit.

In an action against a railroad corporation for injury to goods transported by it, evidence is inadmissible that, after the goods were delivered, the freight agent of the defendant at the place of delivery made certain admissions tending to establish the defendant's liability.

In an action against a railroad corporation for injury to goods transported by it, the owner of the goods offered to show that the general superintendent of the railroad had admitted that the injury was caused by negligence; that, as nearly as he could ascertain, the goods were in good condition when received by the railroad; and that they must have been injured by the person who took them from the railroad to the owner. The judge, who tried the case without a jury, excluded the evidence, and found that the goods were injured by negligence, but that it was not proved to have occurred while the goods were in the possession of the railroad. *Held*, that no exception lay to the exclusion of the evidence.

WRIT OF REVIEW to reverse a judgment recovered by the defendants in review against the plaintiff in review. Trial in the Superior Court, without a jury, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

The defendants in review, shoe manufacturers in Haverhill, in 1876, caused to be shipped from Philadelphia a packing-case containing a show-case which had been used by them to exhibit boots and shoes at the Exposition. This case was directed to themselves at Haverhill. The show-case was constructed largely

of glass, with black-walnut sashes, and when packed it was taken apart and the sections were fixed in the packing-case by grooves. The packing-case was marked " glass " upon the outside.   This case came by the Clyde line of steamers to Providence, was carted from the wharf to the railroad station in Providence, and was brought by the Boston and Providence Railroad from Providence to Boston.   In Boston the firm of Frost and Company, carters and freight forwarders, conveyed the case from the Boston and Providence Railroad depot to that of the Boston and Maine Railroad, and delivered it to an agent of the plaintiff in review, who, being duly authorized, gave Frost and Company a receipt, stating that the case was received in good order.   It was admitted that, at the time this receipt was given, the case was, as far as could be judged from outward inspection, in good condition.

The case was transported to Haverhill by the plaintiff in review, and taken on its arrival by one Cheney, a freight forwarder, who conveyed it to the manufactory of the defendants in review.   It was then, as far as could be judged from outward inspection, in good condition.   Cheney testified that the case was conveyed carefully by him.   Upon its arrival at the manufactory, the packing-case was opened, and the glass case within found to be damaged, the glass being broken.

The original action was one of contract to recover for the damage to this case.

Ordway, one of the defendants in review, testified in his own behalf; and his counsel offered to show by him that on the day of the arrival of the case at Haverhill, after it had been delivered and opened, he had a certain conversation with one Flanders, who was the freight agent at Haverhill of the plaintiff in review, in regard to the damage to the case ; and, for the purpose of establishing the liability of the plaintiff in review, he further offered to show, that, in the course of this conversation with Flanders, the latter made certain admissions tending to establish such liability.   But the presiding judge ruled that such admissions by Flanders could not bind the plaintiff corporation, and excluded the testimony.

The defendants in review also offered to show by this witness that he was referred by Flanders to James T. Furber, who was admitted to be the general superintendent of the plaintiff in

review; that he saw Furber the next day; that Furber requested him to send the way-bill and an affidavit of the packer in Philadelphia, and told him that he, Furber, would then investigate the matter; that he carried him the way-bill and affidavit; that he subsequently had several conversations with Furber in regard to the matter, in the course of which Furber said at different times that the injury was a piece of negligence; that, as near as he could ascertain, the case was in good condition when it was received by the Boston and Maine Railroad, and that it must have been injured by Cheney; and various other things which were not specifically called to the attention of the court. It was not contended that Furber had any personal knowledge of the receipt, transportation, or delivery of the show-case. The judge excluded the foregoing evidence of the acts of and conversations with Furber as immaterial, and ruled that such acts and conversations could not bind the plaintiff in review. To this ruling, the defendants duly excepted.

The judge found that the injury resulted from the negligence of a carrier, but that it was not proved to have occurred in the hands of the plaintiff in review, and found for said plaintiff. The defendants in review alleged exceptions.

*W. H. Moody*, for the defendants in review.

*S. Lincoln*, for the plaintiff in review.

HOLMES, J. 1. Evidence that Flanders made certain admissions tending to establish the company's liability was not made competent by the fact that he was the company's freight agent, without more. A freight agent cannot affect his principal by admissions merely as such. In the cases cited for the defendant in review, the admissions were statements made when delivery of the goods was applied for; *Lane* v. *Boston & Albany Railroad*, 112 Mass. 455; or when information was sought from the person designated by the general representative of the principal; *Gott* v. *Dinsmore*, 111 Mass. 45; or in some other similar way were raised from the rank of mere admissions to authorized acts done on behalf of the principal in furtherance of the principal's legal duty. The admissions, too, were not mere admissions of liability, but of specific facts which it was the agent's province to know. See *Green* v. *Boston & Lowell Railroad*, 128 Mass. 221, 225. Here, even if we assume that the admissions were of specific

facts, the goods had been delivered and opened before the conversation, and there is nothing to show that the freight agent had any further duties to perform, or, if he had, that he was attempting to perform them. See *Robinson* v. *Fitchburg & Worcester Railroad*, 7 Gray, 92 ; *Pratt* v. *Ogdensburg & Lake Champlain Railroad*, 102 Mass. 557, 565 ; *Grinnell* v. *Western Union Telegraph*, 113 Mass. 299, 307.

2. The statements offered of Furber, the general superintendent, were simply statements of conclusions that he had formed in his own mind from what he had been told, by whom it does not appear. These conclusions were that the injury was a piece of negligence, which the judge has found to be a fact; that, as near as he could ascertain, the case was in good condition when it was received by the Boston and Maine Railroad, which of course could refer only to the external condition of the case, and in that sense was not disputed, since the case was in good condition when it arrived, so far as could be judged from outward inspection ; and finally, that it must have been injured by Cheney, a subsequent carrier. It is enough to say that the defendants in review did not suffer by the exclusion of this evidence.

*Exceptions overruled.*