## MARTHA V. STEVENS *vs.* FREDERICK MILES.

Berkshire. Sept. 14. — Oct. 23, 1886. DEVENS, W. ALLEN, & C. ALLEN, JJ., absent.

In an action for the use and occupation of certain premises described in a written lease, it appeared that the defendant had not signed the lease; and that the instrument was sent to him, and his son received it and placed it in the defendant's desk. The plaintiff called the son as a witness, who testified that he showed the lease to the defendant for his signature; that the defendant took it and read it, but did not sign it. The defendant asked the witness, on cross-examination, what the defendant said to him when he had read the instrument "about accepting, or signing, or executing, or refusing to accept, or sign, or execute, the same." *Held*, that the question was admissible as part of the res gestæ.

The plaintiff in an action testified that he received a letter, and sent it to a friend in another State, and that all that he knew about it afterwards was that his friend wrote that he had mislaid the letter and could not find it. The judge who presided at the trial then allowed the witness to testify to the contents of the letter. *Held*, that the defendant had no ground of exception.

GARDNER, J. 1. The plaintiff seeks to recover for the use and occupation of certain premises described in a written lease signed by the plaintiff but not by the defendant. The instrument was sent to the defendant, and his son received it and placed it in his father's desk. The plaintiff called the son as a witness. He testified that he showed the written lease to his father, Frederick Miles, for his signature; that he took it and read it, but did not sign it. The defendant, upon cross-examination, asked the witness what his father said to him, when he had read the instrument, "about accepting, or signing, or executing, or refusing to accept, or sign, or execute, the same." This question was excluded.

Without determining what privilege the right to cross-examine the witness gave the defendant, we think, upon principle, that the question should have been allowed to be put. It is well settled, as a general rule, that the declarations of a party to a suit are not admissible in his own favor. The qualification to this rule is laid down in *Wright* v. *Boston*, 126 Mass. 161, " that, where an act of the party is admissible in evidence, any declaration accompanying and giving character to the act is competent." This is put upon the ground, that the declaration is a part of the act, a part of the *res gestæ*. But such declarations are only admissible when the acts of which they are a part are competent.

In the case at bar, it became material, upon the question of damages, to determine whether the defendant accepted the lease. The evidence offered by the plaintiff as to what the defendant did with the instrument, that he read it, was competent. Under the rule laid down in *Wright* v. *Boston, ubi supra*, any declaration made by the defendant, accompanying the act of taking and reading the lease, was also competent. It was a part of the act of taking and reading it, a part of the *res gestæ*. This act of taking and reading the instrument by the defendant was deemed important by the plaintiff, and was relied on by her in support of her case. What the defendant said may have given character to the act, and given it a different meaning from that claimed by the plaintiff. We think that the evidence should have been admitted.

2. The second objection relates to the admission of secondary evidence of the contents of a letter from William A. Miles to the plaintiff. She testified, without objection, that she received the letter, but did not then have it; that she sent it to a friend in New York, by mail; and that all that she knew about the letter after that was, that she received a letter from the said friend stating that he had mislaid it and had not been able to find it. The friend's letter was not produced, and no other evidence was introduced to account for the non-production of the letter from William A. Miles. The witness was then allowed, against the objection of the defendant, to testify to the contents of the letter from Miles.

There was no exception to the preliminary evidence introduced. The finding of the presiding judge upon preliminary

questions of fact material to the competency of evidence at the trial are not open to revision in this court. *Walker* v. *Curtis*, 116 Mass. 98. The evidence tended to show that the original letter was not in the possession or under the control of the witness, and that it was without the jurisdiction of the court. We find no error in the introduction of secondary evidence of the contents of the letter. *Exceptions sustained.*

*A. J. Waterman & E. T. Slocum*, for the defendant.

*J. Dewey & F. H. Wright*, for the plaintiff.