## ANNA F. DEXTER vs. EMMA L. THAYER.

Barnstable.    January 11, 1905. — September 11, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Practice, Civil*, Exceptions.  *Husband and Wife.  Agency.*

In an action of trespass, by one married woman against another, to determine the boundary line between adjoining lots of land belonging respectively to the plaintiff and the defendant, the exclusion of evidence offered by the defendant of a conversation between the husband of the plaintiff and the husband of the defendant, since deceased, in regard to the establishment of the line claimed by the defendant, on the ground that the presiding judge is not satisfied that the husband of the plaintiff had authority to act as her agent, is not a ground of exception unless it appears that the evidence did not warrant the finding as matter of law, as otherwise the finding of the presiding judge on this preliminary question is conclusive.

In an action of trespass, by one married woman against another, to determine the boundary line between adjoining lots of land belonging respectively to the plaintiff and the defendant, if the plaintiff has testified that there was an arrangement for an exchange of lands to establish the line as the defendant and her husband wanted it, but that this arrangement never was carried out, a request by the defendant for an instruction, that the plaintiff is estopped to deny that the line claimed by the defendant is the division line, if, supposing or having reason to suppose that it had been established by agreement as the division line, she stood by without objection and saw the defendant and her husband make improvements on the land thus set off to the defendant, should be refused, because making no reference to the arrangement for an exchange of lands testified to by the plaintiff, and also because incorrect on other grounds.

In an action of trespass, by one married woman against another, to determine the boundary line between adjoining lots of land belonging respectively to the plaintiff and the defendant, a request by the defendant for an instruction based upon the assumption that the plaintiff's husband and the defendant's husband had agreed upon the line claimed by the defendant as a division line, and had put down bound stones in accordance therewith, should be refused, if there is no evidence warranting an assumption that the plaintiff's husband had any authority from her to agree upon such a line and to put down bound stones accordingly.

MORTON, J.    This is an action of trespass in regard to the boundary line between two adjoining estates belonging to the plaintiff and the defendant.    There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the exclusion of certain evidence and to the refusal to give certain rulings that were requested and to instructions that were given.

The evidence that was excluded related to conversations between the husband of the plaintiff and the husband (since deceased) of the defendant and her son in regard to the establishment of the line claimed by the defendant. They occurred in the absence of the defendant, and were excluded evidently on the ground that the judge was not satisfied that the husband of the plaintiff had authority to act for her as her agent. This was a preliminary question on which the finding of the presiding judge was conclusive unless it appears that the evidence did not warrant the finding as matter of law. *Walker* v. *Curtis*, 116 Mass. 98, 101. *Stevens* v. *Miles*, 142 Mass. 571. *Smith* v. *Brown*, 151 Mass. 338. The plaintiff's husband was not a witness, or, so far as appears, present, and she was called by the defendant and examined before the testimony that was excluded was offered. Taking her testimony as a whole, it is plain, it seems to us, that it cannot be said as matter of law that the finding of the presiding judge was wrong. The purport of it is that there was an arrangement for an exchange of lands between the plaintiff and her husband and the defendant and her husband with a view to establishing the line in question as the defendant and her husband wanted to have it established; that the arrangement never was carried out by the defendant and that in whatever was done in reference to this line she acted with her husband. It cannot be said that her assent to a question put to her in the course of her examination by the defendant's counsel that whatever was done with reference to the bound stones and the division line with her husband was with her consent necessarily so far controls her testimony as a whole as to make the preliminary finding of the presiding judge wrong as matter of law.

The remaining question relates to the instructions that were requested and to those that were given. The first two instructions requested by the defendant were in effect that the plaintiff was estopped to deny that the line claimed by the defendant was the division line if, supposing or having reason to suppose that it had been established by agreement as the division line, she stood by without objection and saw the defendant and her husband make improvements on the land thus set off to the defendant. The instructions thus requested omitted any reference to the arrangement alleged by the plaintiff to have been made

for an exchange of lands in connection with the line as claimed by the defendant and for this reason alone were rightly refused. The instructions requested were also incorrect on other grounds. See *Tolman* v. *Sparhawk*, 5 Met. 469 ; *Proprietors Liverpool Wharf* v. *Prescott*, 7 Allen, 494 ; *Proctor* v. *Putnam Machine Co.* 137 Mass. 159. The third instruction requested was based upon the assumption that the plaintiff's husband and the defendant's husband had agreed upon the line claimed by the defendant as the division line, and had put down bound stones in accordance therewith. There was no evidence warranting an assumption or a finding that the plaintiff's husband had any authority from her to agree upon such a line and to put down bound stones accordingly and therefore this instruction also was rightly refused. We discover no error in the instructions so far as recited in the bill of exceptions. They were well adapted to the case before the jury.

*Exceptions overruled.*

*H. H. Baker*, for the defendant.
*T. C. Day*, for the plaintiff.