NELSON, RESPONDENT, *v.* GOUGH ET AL., APPELLANTS.

(No. 4,497.)

(Submitted September 26, 1921.  Decided November 14, 1921.)

[202 Pac. 196.]

*Water  Rights—Retrial—Complaint—Amendment—Identity  of*
*Issues — Deceased  Witness — Evidence  on  Former  Trial —*
*Admissibility—Lost Documents.*

Water Rights—Complaint—Amendment Before Retrial—Identity of Issues
—Deceased Witness—Evidence on Former Trial—Admissibility.
1.   Where a retrial of a water right suit was had upon a complaint
which had been amended after the first trial, without, however, chan-
ging the issues, the only difference between the two pleadings being
that in the amended one an allegation appeared, not found in the
original pleading, that an agreement had been entered into by the
predecessors of the parties fixing the amount of water each should
be entitled to use, evidence relating to the agreement, given by one
of them at the first trial, who had died in the interim, was ad-
missible, the record showing that the witness had been thoroughly
cross-examined touching its execution, terms and conditions.

Private Writings—When Deemed Lost.
2.   A showing that the owner of a private writing removed to a
foreign country sufficiently accounts for its nonproduction to warrant
admission of oral testimony to prove its contents, the presumption
being that he took it with him.

Lost Private Writings—Contents—Evidence—Sufficiency.
3.   Under the rule that proof of the contents of a lost writing is suffi-
cient if the witness who has read it can state them substantially and
with reasonable accuracy, testimony giving approximately the date
of a written agreement adjusting water rights between two claimants,
the circumstances under which it was made and the subject matter
and disposition made of their respective contentions was not objec-
tionable as not fully stating its terms.

*Appeals  from  District  Court,  Missoula  County;  R.  Lee*
*McCulloch, Judge.*

---

1.   When testimony of witness at former trial admissible in civil
cases, see notes in 91 **Am. St. Rep.** 193; 21 **Ann. Cas.** 179; 14 **L. R. A.**
(n. s.) 488; **L. R. A.** 1915F, 771.
3.   Sufficiency of proof to establish contents of lost instrument, see
notes in 134 **Am. St. Rep.** 1095; 2 **Ann. Cas.** 41; **Ann. Cas.** 1917A,
1104; **L. R. A.** 1918B, 879.
Admissibility of parol evidence to show contents of lost memoran-
dum required by statute of frauds to be in writing, see note in **Ann.**
**Cas.** 1916E, 173.

ACTION by Frank Nelson against William R. Gough and another. Judgment for plaintiff, and from it and an order denying a new trial, defendants appeal. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Albert Besancon,* for Appellant.

*Messrs. Patterson & Heyfron,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This suit was instituted to have determined the relative rights of the parties to the use of the waters of Nelson Creek— sometimes called Brock Creek—in Missoula county. The cause was tried first in 1915 and retried in 1918, resulting in a judgment in favor of the plaintiff, from which judgment and an order denying a new trial defendants appealed.

The second trial was had upon an amended complaint filed after the first trial, the answer thereto, and a cross-complaint by the defendants, and the plaintiff's reply. In the amended complaint it is set forth, among other things, that in 1885 the plaintiff through his immediate predecessor, George W. Lish, appropriated two-thirds of the waters of Nelson Creek; that the predecessor of defendants, one August Gustine, about the same time made an appropriation of water from the same creek; that a controversy arose between these original appropriators respecting their rights, and, for the purpose of adjusting their differences, they entered into an agreement by the terms of which Gustine acknowledged the right of Lish to the use of two-thirds of the waters of Nelson Creek, and Lish acknowledged the right of Gustine to the use of one-third, each of the rights to be regarded as of even date; that thereafter and until about the time this action was commenced the agreement was recognized and carried into effect by the original appropriators and their respective successors in interest.

The answer is substantially a general denial of the allegations of the amended complaint. By way of cross-complaint the defendants claim a prior appropriation by Gustine of one-half of the waters of Nelson Creek and an exclusive appropriation of the waters of certain springs. All the allegations of the cross-complaint were put in issue by the reply.

George W. Lish, a principal witness for the plaintiff at the [1] first trial, died before the second trial, and his testimony given at the first trial was introduced at the second trial over the objections of the defendants. The amended complaint did not effect any change of parties, and confessedly the evidence produced by the witness was relevant and material; but it is contended that the issues were changed by the amendment, and for this reason the evidence should have been excluded. If the premise be granted, the conclusion might follow; but the only foundation for the premise is laid in the fact that the original complaint did not make reference to the settlement agreement which is pleaded in the amended complaint.

The reason for the rule which requires substantial identity of issues is apparent at once. If the issues presented on the former occasion were materially different, the cross-examination of the witness "would not have been directed to the same material points of investigation, and therefore could not have been an adequate test for exposing inaccuracies and falsehoods." (2 Wigmore on Evidence, sec. 1386.) "Conversely it is sufficient if the issue was the same or substantially so with reference to the likelihood of adequate cross-examination, because the opponent has thus already had the full benefit of the security intended by the law." (*Id.*, sec. 1387.)

The matter in dispute throughout this controversy—the issue to be determined—was the relative rights of the parties to the use of the waters of Nelson Creek. The amended complaint did not change the issue or introduce any new or different element. It did violate an elementary rule of pleading in that it incorporated a material portion of plaintiff's evidence. If we assume the existence of the agreement between Lish and

Gustine, it amounted to a declaration by each of them relating to his property while he was holding title. With the necessary preliminary proof made, the agreement was admissible under the original complaint. (Sec. 7866, Rev. Codes; *Phillips* v. *Coburn*, 28 Mont. 45, 72 Pac. 291.) Furthermore, it appears from the record that the witness was cross-examined at great length respecting every circumstance touching the origin and execution of the agreement as well as its terms and conditions.

The agreement was made in 1885 and reduced to writing in [2] duplicate, one copy delivered to Lish and the other to Gustine. It appears that Lish lost his copy within four or five years thereafter, and that Gustine sold out his property interests in 1891, and, as stated in appellants' brief, "returned to Sweden. He could not be located there and was not available as a witness."

Section 7872, Revised Codes, provides, among other things: "There can be no evidence of the contents of a writing other than the writing itself except in the following cases: Where the original has been lost or destroyed, in which case the proof of the loss or destruction must first be made," and oral evidence may thereafter be given. It is insisted that there is not any proof of the loss or destruction of the original writing delivered to Gustine, and therefore secondary evidence was not admissible. The instrument was a private writing, the personal property of Gustine, and, in the absence of any showing to the contrary, we think it is a fair presumption that he took his copy with him when he returned to Sweden, and this sufficiently accounts for its nonproduction.

Section 1855, Code of Civil Procedure of California, adopted in 1872, is identical in its provisions with section 7872, above, first adopted in Montana in 1895. In *Zellerbach* v. *Allenberg,* 99 Cal. 57, 33 Pac. 786, decided in 1893, the section of the California Code was construed. The court concluded: "A letter that is beyond the territory of the state is, within the meaning of the statute, 'lost,' so as to allow secondary proof of its contents." In support of its position the court cited *Gordon*

v. *Searing,* 8 Cal. 49, *Burton* v. *Driggs,* 20 Wall. 125, 22 L. Ed. 299 [see, also, Rose's U. S. Notes], and *Manning* v. *Maroney,* 87 Ala. 563, 13 Am. St. Rep. 67, 6 South. 343. We think it is apparent that it was the intention to incorporate in the statute a rule of evidence which had been in force generally for many years before the statute was adopted, and, while there has been some diversity of judicial opinion as to the proper application of the rule, the view expressed by the California court meets with our approval.

Again, it is insisted that the evidence relating to the [3] contract should have been excluded because the witness did not state fully the terms of the agreement. Omitting the preliminaries, the witness testified: "Why, it was something of an agreement that each one should have water; that I should have two-thirds of the water and that he should have one-third of the water, and we were to live up to the agreement, respectively; that we were to put a box in the ditch and take our share of the water and divide it that way. I got one of these and took it home and had it there for two or three years. Judge Stephens signed it as a witness. Well, that was the contents of the contract, that was in dividing the water, and nothing else, and that was what we came to settle, and we settled it in that way. There was nothing else said." We think this meets the requirements of the law. It is true that in *Capell* v. *Fagan,* 30 Mont. 507, 2 Ann. Cas. 37, 77 Pac. 55, this court used the following language: "Proof of such contents requires a practical reproduction of the instrument in all of its substantial parts;" but, when the language is read in the light of the facts of that particular case, no different rule is announced from that approved by the authorities generally, *viz.,* the substance of the agreement must be proved by a fair preponderance of the evidence. It is enough if an intelligent witness has read the document and can state substantially its contents and import with reasonable accuracy. The witness cannot be expected to repeat the language of the instrument *verbatim,* and in this instance, in view of the fact

that the witness Lish was more than eighty years old when he gave his testimony and was testifying concerning a transaction had thirty years previously, if he had essayed to repeat the very terms of the agreement, that fact alone would. have been so suspicious as to reflect seriously upon his integrity. All that he could be expected to remember was that he and Gustine entered into the agreement, giving approximately the date and stating the circumstances, the subject matter, and disposition made of their respective contentions. To require more would defeat the very purpose of the rule. (2 Jones' Commentaries on Evidence, sec. 227.)

The record discloses that the measuring-box was placed in the stream and so constructed with a partition that one-third of the water was diverted into Gustine's ditch, and two-thirds permitted to flow down to the Lish ditch; that this box was so constructed and placed by direction of Gustine; that Gustine and his successors observed that rule of division for about twenty-five years and until the present defendants succeeded to the Gustine interest.

The other assignments do not require special consideration. There is some conflict in the testimony, but it cannot be said that the evidence preponderates against the trial court's findings.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, REYNOLDS and GALEN concur.