KYLE, APPELLANT, *v.* KINGSBURY, RESPONDENT.

(No. 4,934.)

(Submitted March 16, 1922. Decided April 10, 1922.)

[206 Pac. 346.]

*Real Property—Contracts—Brokers—Commissions—Letter out
of Jurisdiction—Contents—Parol Evidence—Admissibility.*

1. In an action to recover a broker's commission, in which plain-
tiff's cause of action was founded upon a letter written to plain-
tiff by defendant giving a description of the lands, and stating price
per acre, commission allowed, *etc.*, but which had been forwarded
by plaintiff to a prospective purchaser in another state and of which
she had been unable to regain possession, refusal to permit secondary
evidence of its contents was error, since under section 7872, Revised
Codes of 1907 (sec. 10516, Rev. Codes 1921), a letter out of the
jurisdiction is deemed to be "lost," making parol evidence of what
it contained admissible.

*Appeal from District Court, Cascade County; J. B. Leslie,
Judge.*

ACTION by Elizabeth Kyle against F. D. Kingsbury. From
a judgment for defendant, plaintiff appeals. Reversed.

*Messrs. Russell, Madeen & Clarke* and *Mr. T. F. McCue,* for
Appellant, submitted a brief; *Mr. Charles A. Russell* argued
the cause orally.

When the document or instrument is beyond the jurisdiction
of the court in the possession of a stranger to the suit, the

---

Secondary evidence of writing which is beyond territorial jurisdiction
of court, see note in **L. R. A.** 1917D, 530.

court has no authority to compel the production of such a document, so that within the meaning of the law the instrument is lost. (*Zellerbach* v. *Allenberg,* 99 Cal. 57, 33 Pac. 786; *Burton* v. *Driggs,* 20 Wall. 125, 22 L. Ed. 299; *Webb* v. *Gray,* 181 Ala. 408, 62 South. 194; *Temple* v. *State,* 126 Ark. 290, 189 S. W. 855; *Sheperd* v. *Giddings,* 22 Conn. 282; *McDonald* v. *Erbes,* 231 Ill. 295, 83 N. E. 162; *Worez* v. *Des Moines City Ry. Co.,* 175 Iowa, 1, 156 N. W. 867; *State Bank of Los Angeles* v. *Evans,* 198 Mass. 11, 84 N. E. 329; *Kleeberg* v. *Schrader,* 69 Minn. 136, 72 N. W. 59; *Brown* v. *Wood,* 19 Mo. 475; *Twitchell Const. Co.* v. *Johnson,* 78 N. H. 517, 102 Atl. 758; *Hirsch* v. *Leatherbee Lumber Co.,* 69 N. J. L. 509, 55 Atl. 645; *Washington Horse Exchange* v. *Wilson & McCoy,* 152 N. C. 21, 67 S. E. 35; *Fosdick* v. *Van Horn,* 40 Ohio St. 459; *Peters* v. *Queen City Ins. Co.,* 63 Or. 382, 126 Pac. 1005; *Johnson* v. *Union Pacific Ry. Co.,* 35 Utah, 285, 100 Pac. 390; *Bank of Commerce* v. *Newberry,* 71 Wash. 422, 128 Pac. 1064; *Ziebell* v. *Fraternal Res. Assn. of Oshkosh,* 158 Wis. 512, 149 N. W. 475.)

*Messrs. Cooper, Stephenson & Hoover,* for Respondent, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

The appellant contends, and cites many authorities to support such contention, that the mere fact that the letter is outside of the jurisdiction, that is, out of the state of Montana, is sufficient in itself, without more, to entitle the court and jury to hear oral evidence of its contents. We grant that such a statement has frequently been made by the courts. We do not concede that any of the authorities cited by the appellant in her brief sustain the rule when applied to an instrument which is the foundation of the suit and which has been sent out of the state under the circumstances shown in this record. So far as we know, the supreme court of this state has not directly passed upon the question of evidence here presented. We respectfully submit that the rule which

should be adopted in this state as to proof in such cases is this: That where a document is outside of the jurisdiction, secondary evidence of its contents can be admitted only after due proof of its loss or destruction, or due proof that reasonable diligence has been used to procure the absent document. (See 2 Wigmore on Evidence, sec. 1213; *Turner* v. *Yates,* 16 How. 14, 14 L. Ed. 825; *Pringley* v. *Guss,* 16 Okl. 82, 8 Ann. Cas. 412, 86 Pac. 292; *Boyle* v. *Wiseman* (Eng.), 10 Exch. 647; *Porter* v. *Hale,* 23 Can. Sup. Ct. Rep. 265; *Londoner* v. *Stewart,* 3 Colo. 47; *Dickinson* v. *Breeden,* 25 Ill. 186; *Bishop* v. *American Preservers Co.,* 157 Ill. 284, 48 Am. St. Rep. 317, 41 N. E. 765; *McFadden* v. *Ross,* 14 Ind. App. 312, 41 N. E. 607; *Bullis* v. *Easton,* 96 Iowa, 513, 65 N. W. 395; *Deitz* v. *Regnier,* 27 Kan. 94; *State* v. *Sterling,* 41 La. Ann. 679, 6 South. 583; *Knowlton* v. *Knowlton,* 84 Me. 283, 24 Atl. 847; *Kleeberg* v. *Schrader,* 69 Minn. 136, 72 N. W. 59; *Nelson Mfg. Co.* v. *Shreve,* 104 Mo. App. 474, 79 S. W. 488; *Kirchner* v. *Laughlin,* 6 N. M. 300, 28 Pac. 505; *Justice* v. *Luther,* 94 N. C. 793; *Barnes* v. *Lynch,* 9 Okl. 156, 59 Pac. 995; *Wiseman* v. *Northern Pac. Ry. Co.,* 23 Am. St. Rep. 135, 20 Or. 425, 26 Pac. 272.) The same rule seems to be in force, although not directly passed upon, in the state of Massachusetts. (See *L'Herbette* v. *Pittsfield Nat. Bk.,* 162 Mass. 137, 44 Am. St. Rep. 354, 38 N. E. 368.)

The sufficiency of the proof as to the loss or destruction of an instrument is a matter within the discretion of the trial judge. (*Kenniff* v. *Caulfield,* 140 Cal. 47, 73 Pac. 803; *Jernigan* v. *State,* 81 Ala. 58, 60, 1 South. 72; *King* v. *Samuel,* 7 Cal. App. 55, 93 Pac. 391; *California Nat. Bank* v. *Weldon,* 14 Cal. App. 765, 113 Pac. 337; *Kleinschmidt* v. *Dunphy,* 1 Mont. 118.)

MR. JUSTICE COOPER delivered the opinion of the court.

Action to recover a real estate broker's commission. In two counts the complaint alleges that the defendant listed with

plaintiff for sale a ranch consisting of 6,200 acres at $26 per acre, and agreed to pay her one dollar per acre commission if she found a purchaser who was ready, able and willing to complete a purchase at the price named; that she fully performed her part of the agreement by finding such a purchaser. The second count charges that, at the special instance and request of the defendant plaintiff procured a purchaser, to whom the defendant sold the ranch upon the price and terms quoted to her. The defendant's answer denied all the material allegations of the complaint. Upon the issues thus framed, the plaintiff proceeded to prove her case. At its close, the court sustained defendant's motion for a nonsuit, and rendered judgment. This appeal is from the judgment.

Plaintiff's own evidence tended to show that on October 16, [1] 1919, she addressed a letter to the defendant at Valier, Montana, stating that she had received a letter from a person who had seen the ranch in question and wanted more information concerning it. She asked him to write her, giving the price, terms, description, and commission he would give to her for making a sale. In answer thereto she received a letter from defendant which she later inclosed in an envelope with a letter of her own, with postage paid, addressed to J. H. Bankhead, at Logan, Utah. This letter of defendant she was not able to produce at the trial. In response to questions propounded to her, she testified that she had had considerable correspondence with Bankhead concerning sales of land other than the Kingsbury ranch. In her efforts to prove the loss of the original letter from the defendant and her inability to produce it upon the trial, she identified six letters signed and mailed by Bankhead and received by her at Great Falls. In one of the letters dated March 8, 1920, referring to her request to return to her the Kingsbury letter, is this statement: "Haven't found that epistle; the kids got into my papers and scattered them all over, so you can see what a hunt I have had. Should I run across it, will be glad to send it." In

another letter, dated December 17, 1920, in response to a similar request, he stated: "I surely can't return that which I do not have." Upon the stand she testified that all her efforts to obtain from Bankhead the letter of the defendant had proven futile. Concerning another effort she testified: "When Mr. Bankhead was here on his way to Valier, I asked him for that letter, and he said he would give it to me when he returned from Valier. He said it was in his grip. That was at the time when he came up to look at this land of the defendant. He did not give the letter to me.  *  *  *  When he returned from Valier I asked him for it again. Q. What did he say? A. He couldn't find it." Being asked by her counsel to state its contents, upon defendant's objection that the question called for secondary evidence of an original document the absence of which had not been satisfactorily accounted for, the court refused to admit the evidence. Plaintiff's counsel then offered to prove that the letter referred to was dated at Valier, Montana, addressed to the plaintiff at Great Falls, signed by defendant, and in substance as follows: "My ranch west of Valier consists of about 6,000 acres; my price is $26 per acre, and if you will bring or send me a purchaser, I will pay one dollar commission. I will see you when I come to Great Falls and talk the matter over." To the offer defendant's counsel made a similar objection, which the court sustained, and excluded all oral evidence of its contents.

H. M. Erickson, vice-president of the Montana State Bank at Valier, testified that, in response to a request over the telephone by Mrs. Kyle, he prepared a writing to the effect that the defendant would pay the plaintiff one dollar commission in case Bankhead and his associates bought the ranch. This paper the defendant refused to sign when requested to do so by Mr. Erickson, and, as the witness stated, gave as a reason therefor that he already "had two letters out, one to Bankhead and one to Mrs. Kyle agreeing to pay a dollar an

acre commission in case they sent him a buyer, and he said he didn't know who the men were coming from, and didn't want to sign any further agreement; he said that Mrs. Kyle had a letter which would protect her in case she sent the buyers to buy the land.''

The argument in this court is addressed solely to the correctness of the ruling of the trial court in granting defendant's motion for a nonsuit because the plaintiff had failed to produce the original letter of the defendant upon which her right of action is founded. The defendant's position, as stated in his brief, is that the plaintiff failed to prove a contract in writing obligating the defendant to pay the commission sued for; and that she failed to prove that she procured or produced a purchaser, or purchasers, ready, willing and able to purchase the real estate described, upon the terms fixed by the defendant. In support of the court's ruling he argues that the defendant came into court expecting to be confronted with the alleged written evidence of the plaintiff's authority to sell, and of the agreement to pay the commission; and complains because she made no effort to take the deposition of J. H. Bankhead in order to prove its contents by competent evidence.

Passing the argument attacking the weight of the evidence and the credibility of the plaintiff's testimony explaining her efforts to have him return the letter, we reach the legal question upon which this appeal must turn, *viz.:* Was the plaintiff entitled to give oral evidence of the contents of the Kingsbury letter? In the case of *Nelson* v. *Gough*, 61 Mont. 301, 202 Pac. 196, the opinion being by Mr. Justice Holloway, there is the following language: "Section 1855, Code of Civil Procedure of California, adopted in 1872, is identical in its provisions with sections 7872 [Revised Codes of 1907], first adopted in Montana in 1895. In *Zellerbach* v. *Allenberg*, 99 Cal. 57, 33 Pac. 786, decided in 1893, the section of the California Code was construed. The court concluded: 'A letter

that is beyond the territory of the state is, within the meaning of the statute, "lost," so as to allow secondary proof of its contents.'

"In support of its position the court cited *Gordon* v. *Searing,* 8 Cal 49, *Burton* v. *Driggs,* 20 Wall. 125, 22 L. Ed. 299, and *Manning* v. *Maroney,* 87 Ala. 563, 13 Am. St. Rep. 67, 6 South. 343. We think it is apparent that it was the intention to incorporate in the statute a rule of evidence which had been in force generally for many years before the statute was adopted, and, while there has been some diversity of judicial opinion as to the proper application of the rule, the view expressed by the California court meets with our approval." In 8 Ann. Cas., pages 413 to 417, will be found a full discussion of the subject and a citation of authorities supporting the rule announced.

It is undoubtedly true that the best evidence of which the case is susceptible should, as a general rule, be adduced. The exaction of anything less might impair the advantage of having agreements reduced to writing. A bare showing that the original is out of the jurisdiction may not always be sufficient. The best evidence obtainable on which the good faith of the party tendering the secondary evidence may be tested ought to be produced. What may constitute a fair showing must depend largely upon the facts of each case. Here the plaintiff testified that she had written three letters to Bankhead, requesting the return of the original Kingsbury letter, and that, when in Great Falls on his way to view the land, appealed to him in person to deliver it to her. In *Stevens* v. *Miles,* 142 Mass. 571, 8 N. E. 426, the plaintiff in the court below testified that he received a letter and sent it to a friend in New York by mail, and that all he knew about it afterward was that his friend wrote that he had mislaid the letter and could not find it. The witness was then allowed to give the contents of the letter. Of this the supreme court of Massachusetts said: "The evidence tended to show that the original was not in the possession or under the control of the witness, and that it was

without the jurisdiction of the court. We find no error in the introduction of secondary evidence of the contents of the letter.''

The showing of diligence was sufficient to admit the contents of the letter as plaintiff's authority. Judgment reversed, with directions to grant a new trial.

*Reversed.*

Mr. Chief Justice Brantly and Associate Justices Holloway and Galen concur.