RINALDO A. L. COLBY

*vs.*

JESSE TARR AND DEPOSITORS TRUST CO., TRUSTEE.

Sagadahoc.    Opinion, March 15, 1944.

238

*McLean, Southard & Hunt,* for the plaintiff.

*Edward W. Bridgham,*

*Harold J. Rubin,* for the defendants.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

CHAPMAN, J. The plaintiff in his writ alleged that the defendant broke and entered the plaintiff's close and there committed trespass and damaged the real estate by cutting trees growing thereon. The case is here on the defendant's general motion and exceptions. In his motion the defendant claims that the verdict in favor of the plaintiff was not warranted by the evidence and that excessive damages were awarded. The exceptions raise the question of the admissibility of evidence admitted over the objection of the defendant.

The plaintiff owned a tract of land upon which there were two groves of oak trees. Negotiations were had between the plaintiff and defendant relative to the purchase of the trees and the plaintiff contends that he offered to sell the trees in one of the groves to the defendant, but that no agreement for such sale was reached. It is the contention of the defendant that an agreement was reached for the sale of the trees and that it was in pursuance of such agreement that he entered upon the lands and cut the trees. If the trees were sold by the plaintiff to the defendant no trespass was committed. If there was no sale the defendant's cutting of the trees was wrongful. The case was tried before a jury upon this issue and there was testimony of probative force presented in behalf of the contention of each of the parties. In such case the Court will not grant a motion to set aside the verdict of the jury. *Libby* v. *Heikkinen*, 140 Me., 23, 32 A (2d), 604.

The contention of the defendant as to excessive damages is based upon the claim that the presiding Justice erred in granting the motion of the plaintiff that he be awarded treble damages in accordance with R. S. 1930, Chap. 109, Sec. 11. The jury in its verdict assessed actual or single damages and, upon motion by plaintiff, the presiding Justice ordered judgment for thrice the amount of the verdict. A general motion raises question as to the correctness of the verdict of the jury. R. S., Chap. 96, Sec. 59. The assessment of treble damages upon the verdict

was by ruling of the presiding Justice and the question of its correctness should be raised by exception. *Stephenson* v. *Thayer*, 63 Me., 143. See also *Black* v. *Mace*, 66 Me., 49.

The exceptions presented by the defendant are six in number.

*Exception No.* 1. The plaintiff was permitted, against the objection of the defendant, to testify as to a conversation with Miss Blanche Stevens. There was introduced in evidence by the defendant a check signed by Miss Stevens, payable to the plaintiff, for $140.25, bearing the notation on its face, "14.025 ft", and delivered to the plaintiff in behalf of the defendant. The defendant claimed that the check supported his contention that there was a sale of the trees from the plaintiff to himself, and it was admissible for that purpose. The question and answer as to the conversation were as follows:

"Q. Now will you tell us exactly what conversation took place at the time that the check was made out?"

Objection was interposed by the defendant without specification of reasons therefor.

"A. We went to Miss Stevens' home and she invited us in, and after the usual few minutes talk I stated my business. I said, 'I was down two or three nights waiting. You didn't come and I came out to see you. I wanted to know what you are going to do about these logs.' She said, 'Mr. Tarr told me to give you a check for the logs up at the top of the hill, those cut in the grove.' So she wrote this check and passed it to me. I looked at the check and I said, 'That is for the payment of the logs only; that doesn't include the damage,' and she said, 'No, that will be taken care of later', and I said 'You know that I give no permission to do that,' and she says, 'That is right. He done wrong and he knows it.' "

Those statements in the conversation that referred specifically to the check were admissible to show for what purpose the check was given. We so held when the case was previously before us. *Colby* v. *Tarr*, 139 Me., 277, 29 A (2d) 749. At that time the record did not show that the answer contained the statements, "You know that I gave no permission to do that," and "That is right. He done wrong and he knows it." These additional statements were also admissible. It was the contention of the defendant that the check was the consideration for the sale of the trees and that the acceptance of the check by the plaintiff was an acknowledgment on his part that there had been such sale. The acceptance of the check had probative force in this respect and statements inconsistent with such an acknowledgment made at the time of the delivery of the check and as a part of what was taking place, were competent evidence to rebut the contention of the defendant. The rule is well stated in *State* v. *Walker*, 77 Me., 488, 491, 1 A., 357. See also Wigmore on Evidence, Sec. 1777; *Stewart* v. *Hanson*, 35 Me., 506; *Stevens* v. *Miles*, 142 Mass., 571, 572, 8 N. E., 426. The exception is not well taken.

*Exception No. 2.* The plaintiff was permitted, against the objection of the defendant, to testify to a conversation on another occasion between himself and Miss Stevens. The question and answer were as follows:

"Q. What conversation did you have with Miss Stevens at that time?"

"A. I said, 'Do you know your man has been in there and cut those trees down?" She says, 'Yes, I know it and I stopped him.' She said, 'He had no business there and I told him to go and see it and make things right.' "

The question and answer had no relation to the check which was referred to in exception number one and was objectionable, but, at the request of the defendant, the Court ordered stricken out all of the answer except that part which stated that the

defendant had cut the trees. The fact that the defendant had cut the trees was not in dispute. The answer, therefore, as it remained after the direction of the presiding Justice, was not prejudicial. The exception is not well taken.

*Exception No. 3.* The plaintiff, against the objection of the defendant, was permitted to introduce the deposition of one William Chenery. It was the claim of the plaintiff that when he found that the defendant was cutting trees he sent a message ordering him to cease cutting and that the defendant did so. The deposition was to the effect that the deponent had delivered the message from the plaintiff to the defendant ordering him to cease cutting. The message of itself was not competent evidence. It was admissible only if it had elicited from the defendant a response by word or act that would tend to discredit his claim that he was rightfully upon the property. There is no evidence of such conduct on the part of the defendant. Neither in the deposition nor otherwise is the date of the delivery of the message disclosed. There is nothing to show that it was delivered before he had finished the operation. The objection in behalf of the defendant was valid.

*Exception No. 4.* Miss Pauline Nute was permitted, against the objection of the defendant, to testify to another conversation had between the plaintiff and Miss Stevens on the streets of Gardiner. The question and answer relative to the conversation were as follows:

> "Q. Now will you tell us just what happened and what was said?"
>
> "A. Mr. Colby inquired of Miss Stevens about the cutting and told her that he had not given Mr. Tarr permission to cut on the camp ground, and she said that she knew it, that she had stopped him from cutting."

This conversation had no relation to the check referred to in exception number one and must be considered entirely upon the question as to whether the statements were competent evi-

dence to prove the facts therein set forth. The statement of Mr. Colby, the plaintiff, was objectionable in that it was self serving. As to the statement of Miss Stevens, it is contended by counsel for the plaintiff that evidence in the case discloses that she was the employer of the defendant and that he did the cutting as her foreman and under her direction and that, consequently, the statement by Miss Stevens was admissible against him. Aside from the question as to whether evidence in the case disclosed such relationship and concert of action as claimed by the plaintiff, there is no rule of evidence that makes the statement of an employer admissible against an employee accused of wrongdoing, by reason of that relationship alone. Nor would the statement be admissible on the ground that they were joint tort-feasors. It was still objectionable because it was not made during the time when they were engaged in committing the alleged wrongful act and in furtherance thereof, but at a time subsequent thereto. 3 *Greenleaf on Evidence,* 94; *Strout* v. *Packard, et al,* 76 Me., 148, 49 Am. Rep. 601; *Royal Insurance Co.* v. *Eastham,* 71 Fed. (2d), 385, certiorari denied, 293 U. S., 557, 55 S. Ct., 110, 79 L. Ed., 658. The statement of Miss Stevens was objectionable for another reason: It was an expression of the opinion of the witness as to the wrongdoing of the defendant. *Chamberlayne's Modern Law of Evidence,* Sec. *1342; Boston & Maine R. R. Co.* v. *Ordway,* 140 Mass., 510, 5 N. E., 627. The exception is well taken.

*Exception No. 5.* Miss Pauline Nute was permitted, against the objection of the defendant, to testify to the conversation had been between Miss Stevens and Mr. Colby at the time of the delivery of the check hereinbefore referred to. The issue involved is the same as that involved in Exception No. 1. The exception is not well taken.

*Exception No. 6.* Mrs. Fannie Colby was likewise permitted to testify, against the objection of the defendant, to the conversation between Miss Stevens and Mr. Colby at the time of the delivery of the check. The issue involved is the same as

that involved in Exceptions 1 and 5. The exception is not well taken.

The defendant has not shown the right to relief under his motion, but because of errors disclosed in Exceptions 3 and 4, the entry must be

*Exceptions sustained.*